## DAVID FOLEY *vs.* JAMES TALBOT.

Suffolk.    November 15, 1894. — December 3, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Service of Notice of Filing Exceptions.*

Under the 31st Rule of the Superior Court a notice of the filing of exceptions
left at the office of the attorney of the adverse party in his absence is not duly
served unless he actually receives it.

TORT, for the conversion of certain personal property.  At the
trial in the Superior Court, before *Bond, J.,* the jury returned a
verdict for the plaintiff; and the defendant alleged exceptions.

At the hearing on the allowance of the exceptions, the plaintiff
moved that the same be dismissed on the ground that notice of
the filing thereof had not been duly served upon him or his
attorney.  The defendant's attorney testified that the notice
was left by him in the office of the plaintiff's attorney in his
absence; but the plaintiff's attorney deposed that he never re-
ceived it.

The defendant asked the judge to rule that, if the notice
required by law had been left at the office of the attorney of the
plaintiff during office hours, the office being then open, within
the time required for giving said notice, such notice was duly
served.

The judge declined so to rule, and found that notice of the
filing of exceptions was not given in accordance with the statute
and the rules of the Superior Court, and dismissed the excep-
tions; to which ruling the defendant excepted.

*J. W. Low,* for the defendant.

*S. D. Charles,* for the plaintiff.

ALLEN, J.  By Rule 49 of the Superior Court, " All exceptions
shall be reduced to writing and filed with the clerk, and notice
thereof given to the adverse party," within a specified time.
The statute also is to the same effect.  Pub. Sts. c. 153, § 8.  By
Rule 31, " All notices required by or given in pursuance of these
rules shall be in writing, and may be proved by an affidavit of
the party or his attorney to a copy thereof, and setting forth that

the same was delivered personally to the adverse party or his attorney, or deposited in the post office directed to him, postage prepaid." Under this rule, a notice left at the office of the attorney in his absence is not duly served unless it actually reaches him. Leaving it in his office is not an equivalent for sending it by mail. The rule shows in explicit terms how notices are to be served, and one who departs from the method there pointed out must take the risk of being able to prove that the notice actually came to hand. In the present case, it did not appear whether the notice was left on the attorney's desk, or elsewhere in the office; and the attorney deposed that he never received it. The judge, therefore, might properly refuse to rule as requested, and find that the notice was not duly served.

*Exceptions overruled.*