REUBEN BROOMFIELD *vs.* WILLIAM A. SHEEHAN.

Suffolk. November 23, 1905. — March 2, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Practice, Civil,* Exceptions. *Rules of Court.*

Sending by mail to the adverse party a copy of a bill of exceptions without any signature of counsel and with no accompanying letter or memorandum as to the filing thereof is not a notice to the adverse party of the filing of a bill of exceptions within the meaning of R. L. c. 173, § 106, and Rules 47 and 29 of the Superior Court.

TORT against a constable of the city of Boston for the alleged conversion of certain goods and chattels attached by him. Writ dated June 10, 1897.

At the trial in the Superior Court in October, 1903, before *Gaskill,* J. the jury returned a verdict for the defendant. The plaintiff reduced to writing a bill of exceptions and filed it with the clerk of the court within twenty days after the verdict.

The defendant moved to dismiss the bill of exceptions because no notice of the filing was given to him. At the hearing on the motion it appeared that within the required time after the filing of the bill of exceptions the attorney for the defendant received through the mail, postage prepaid, a copy of the bill of exceptions without signature of counsel, but that there was no letter accompanying the copy, and no memorandum or statement as to the filing thereof.

The plaintiff requested the judge to rule as follows:

First, If the court finds that the exceptions in the case at bar were properly reduced to writing and a copy of such exceptions so reduced to writing was delivered by the plaintiff to the de-

fendant within the time required for filing such exceptions, and for giving notice thereof to the adverse party, then the delivery of such copy amounted to the giving of a sufficient notice by the plaintiff to the defendant of the filing of such exceptions.

Second, On all the evidence before the court a sufficient notice of the filing of the bill of exceptions in question was given.

The judge refused to rule as requested and allowed the defendant's motion. The plaintiff alleged exceptions.

*S. R. Cutler & H. W. James,* for the plaintiff.

*P. B. Kiernan,* for the defendant.

HAMMOND, J. The exceptions were duly filed, and the only question is whether "notice thereof" was given as required by law.

"Exceptions shall be reduced to writing and filed with the clerk, and notice thereof shall be given to the adverse party . . . within twenty days after the verdict is rendered." R. L. c. 173, § 106. Rule 47 of the Superior Court. The notice "shall be in writing." Rule 29 of the Superior Court.

A sending to the adverse party by mail of a copy of the bill of exceptions, without any signature of counsel, without any accompanying letter and without any "memorandum or statement as to the filing thereof," plainly comes far short of a notice that any bill, much less any properly signed bill, has been filed.

*Exceptions overruled.*