BENJAMIN H. CHERTOK *vs.* ERVIN R. DIX & trustee.

Suffolk.    October 20, 1915. — November 23, 1915.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Exceptions, Rules of court. *Rules of Court. Waiver.*

The mere delivering in hand by the attorney for the excepting party in an action at law to the attorney for the adverse party of a copy of a bill of exceptions correct in every particular and marked "Copy," "Defendant's Bill of Exceptions," after the original has been filed in the office of the clerk of the court on the same day, together with an oral statement to such attorney to the effect that the bill has been so filed, is not a compliance with R. L. c. 173, § 106, and Rules 27 and 44 of the Superior Court, which require that the notice given of the filing of a bill of exceptions shall be in writing.

And neither a request by the plaintiff for a copy of the evidence upon which the statements in the bill are based nor the receiving of such a copy, without more, indicates a waiver by the plaintiff of this further right to receive the notice in writing required by the rules.

RUGG, C. J.    The single question presented on this record is whether the defendant gave to the plaintiff the notice required by law of his filing of exceptions.    A verdict was rendered against the defendant on June 1, 1914.    On June 19, 1914, he filed his exceptions with the clerk of the court.    Within twenty days from June 1, the defendant's counsel left at the office of the plaintiff's counsel, with one who was associated with him as junior counsel, a copy of the bill of exceptions correct in every particular including the date and the signature of the attorneys for the defendant.    This was delivered to the plaintiff's attorney within the time allowed by law.    The copy was backed with a "blue jacket" containing the firm name and address of the defendant's attorneys, the title of the case and the words "Defendant's Bill of Exceptions" and "Copy."

By R. L. c. 173, § 106, "notice" of the filing of exceptions must "be given to the adverse party."    Substantially the same provision is found in Rule 44 of the 1906 rules of the Superior Court.    The kind of notice which must be given is fixed by Rule 27, to the effect that it "shall be in writing, shall be served by delivering the same personally to the adverse party, or his

attorney, or depositing it in the post-office, directed to him, postage prepaid."

There was a sufficient delivery of the copy to the plaintiff's attorney. *Janse* v. *Boston*, 201 Mass. 348.

Oral notice of the filing, accompanied by an unsigned copy of the bill of exceptions is not a compliance with the rule. *Shawmut Commercial Paper Co.* v. *Brigham*, 209 Mass. 199. *Broomfield* v. *Sheehan*, 190 Mass. 585. The case at bar differs from those cases only in the fact that the copy was signed and dated and marked "copy." But there is no written word which can be construed as a notice of the fact that the original, of which the paper delivered is a copy, actually has been filed in the office of the clerk of courts. A requirement for a written notice must show by some form of words that it is intended to fix rights. *Grebenstein* v. *Stone & Webster Engineering Corp.* 209 Mass. 196. *McNamara* v. *Boston & Maine Railroad*, 216 Mass. 506. We feel constrained to say that even the delivery of a complete copy of the exceptions as filed, without any written or printed notice showing either directly or by fair implication that the original has been filed, is not a compliance with the rule.

There is nothing on this record to show a waiver of the requirement of the rule.*  A request for a copy or the receiving of a copy

---

* An affidavit by the defendant's attorney stated that the occurrences at the office of the plaintiff's attorney were as follows:

"Your deponent asked said party [a young man who had been associated with the plaintiff's attorney at the trial of the case and to whom the deponent was referred in the absence of Mr. Bailen, the plaintiff's attorney] if he was acting with Mr. Bailen in the case, and he said he was, and knew about it. Your deponent told said party that he had already met Mr. Chertok, the plaintiff, a day or so before in the street, and told him that he was filing a bill of exceptions, but owing to deponent's inability to get the transcript of the evidence, and the jury's charge from the court stenographer, that deponent's bill as to a larger part of the evidence would have to be made up from memory and so it would probably be necessary to file amended bill later, when the evidence was procured; that Chertok had asked deponent if he or his attorneys could borrow deponent's copy of the evidence, and your deponent had told him he could do so, so as to save him expense of ordering a copy.

"Your deponent then handed to the said party the copy of the bill of exceptions, and pointed out to him in it where the judge's charge was referred to, told him he had just filed the original at the court house, and asked him if Mr. Bailen would be back that day, and was told he would; asked him to

of the evidence without more does not indicate a waiver of the further right to the written notice of the fact of actual filing.

The apparent hardship of this and like cases is quite softened and mitigated by the power of the trial judge under R. L. c. 173, § 105, to report a case for the purpose of remedying accident or mistake of the losing party in failing to prosecute exceptions seasonably taken, which in the opinion of the judge present material questions that should be adjudicated by this court. *Strong* v. *Carver Cotton Gin Co.* 202 Mass. 209, 212.

*Order dismissing exceptions affirmed.*

The case was submitted on briefs.

*W. N. Swain, E. N. Carpenter & G. M. Nay,* for the defendant.
*S. L. Bailen & B. H. Chertok,* for the plaintiff.

see that Mr. Bailen got the copy of the bill of exceptions that day, and he said he would see to it, told party that Mr. Bailen need not give the present form of the bill much study, as deponent expected he would have to offer amendments to it as soon as he could procure balance of evidence from the court stenographer."