## EARL W. DAY *vs.* JOHN McCLELLAN & others.

Worcester.    September 28, 1920. — October 13, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Practice, Civil,* Exceptions.    *Notice.    Rules of Court.    Constitutional Law,*
Due process of law.

If a party to an action, who has saved exceptions to rulings at the trial of the
action and has filed a bill setting forth his exceptions, fails to give to the
adverse party the notice in writing of the filing of the bill required by Rules
52 and 28 of the Superior Court (1915), a motion to dismiss the exceptions
on that ground is correct procedure.

Rules 52 and 28 of the Superior Court (1915), requiring a notice in writing of the
filing of a bill of exceptions to be given to the adverse party, is well within the
power of that court and a dismissal of exceptions for want of compliance there-
with violates no constitutional right of the excepting party.

Findings by a judge, who heard upon affidavits a motion to dismiss a bill of
exceptions because the notice in writing of its being filed required by Rules 52
and 28 of the Superior Court (1915) was not given, will not be reversed by
this court if warranted by one view of conflicting evidence.

The delivery by the party filing a bill of exceptions merely of a copy of the bill to
the adverse party is not a compliance with Rules 52 and 28 of the Superior
Court (1915) as to the giving of a notice in writing of the filing of the bill.

A delay of two months and sixteen days after the filing, twenty days after the trial
of an action, of a bill of exceptions, in filing a motion to dismiss the exceptions
for failure to give the notice in writing required by Rules 52 and 28 of the
Superior Court (1915) does not constitute as a matter of law a waiver of
rights under those rules.

TORT for compelling the plaintiff by duress and false imprison-
ment to marry against his will.    Writ dated September 6, 1918.

The action was tried before *Keating,* J., by whose order the
jury found for the defendants on March 26, 1919.    The plaintiff
filed a proposed bill of exceptions on April 15, 1919.    On July 31,
1919, the defendants filed a motion to dismiss the plaintiff's ex-
ceptions on the ground that the plaintiff had given them no suffi-
cient notice of the filing of the bill.    The motion was heard by the
trial judge upon affidavits.    The plaintiff asked for the following
rulings:

"1.    As a matter of law the court has no right to dismiss a bill

of exceptions, its only jurisdiction over the same being to allow or disallow said bill of exceptions.

"2. Upon all the evidence the defendants' conduct and delay from the time said bill of exceptions was filed constituted a perfect waiver of the right to receive written notice of the filing of said bill.

"3. Upon all the evidence the defendants actually waived written notice of the filing of the bill of exceptions."

The judge refused to rule as requested, found that the plaintiff did not give to the defendants the notice of the filing of the exceptions required by the rules of the Superior Court and that the defendants did not waive the requirement of the written notice, allowed the defendants' motion and dismissed the plaintiff's exceptions. The plaintiff filed a bill, which was allowed by the judge, in which it was stated that he "duly excepted to the refusal of the court to grant his requests for rulings, duly excepted to the allowing of the defendants' motion to dismiss the plaintiff's bill of exceptions and duly excepted to all findings of the court."

*M. T. Flaherty*, for the plaintiff.

*J. M. Thayer, F. N. Thayer & S. B. Taft*, for the defendants, submitted a brief.

Rugg, C. J. This bill of exceptions relates to the action of a judge of the Superior Court in allowing a motion to dismiss a bill of exceptions, filed respecting the trial of the case on its merits, on the ground that the excepting party failed to give to the adverse party written notice of the filing of the exceptions as required by Rules 52 and 28 of the Superior Court (1915).

A motion to dismiss exceptions on that ground is correct procedure. It has been followed in so many cases without question that the practice must be treated as settled. Only a few need be cited. *Conway* v. *Callahan*, 121 Mass. 165. *Baron* v. *Fitzpatrick*, 167 Mass. 417. *Shawmut Commercial Paper Co.* v. *Brigham*, 209 Mass. 199. *Foley* v. *Talbot*, 162 Mass. 462. *Murch* v. *Clapp*, 228 Mass. 569. On reason the practice is sound. A matter on the files and yet not properly before the court ordinarily is dismissed and not considered on its merits. *DeBang* v. *Scripture*, 168 Mass. 91. *Corbett* v. *Boston & Maine Railroad*, 219 Mass. 351, 356. Cases are to be found where the exceptions have been disallowed on this ground. *Harrington* v. *Tykeson*, 182 Mass. 584. See

*Doherty* v. *Phoenix Ins. Co.* 224 Mass. 310, 312.    Nevertheless, the usual course is to move to dismiss.

The rules of the Superior Court requiring notice in writing to the adverse party of the filing of exceptions is well within the power of that court under R. L. c. 158, § 3; c. 173, § 106, as amended.    *Blair* v. *Laflin,* 127 Mass. 518.

The contention of the plaintiff that such rules of court and the practice of dismissal of exceptions for want of compliance therewith violates his constitutional rights is so plainly without foundation as to require no discussion.    It is a simple rule of common sense directed to the promotion of orderly procedure and to the prevention of disputes and delays.

Whether the notice was given or not was a question of fact as to which the finding of the judge is final.    *Broomfield* v. *Sheehan,* 190 Mass. 585.    *Murch* v. *Clapp,* 228 Mass. 569.    The giving of a copy of the exceptions is not of itself notice.    *Chertok* v. *Dix,* 222 Mass. 226.

Whether there had been a waiver by the adverse parties of their right to insist upon compliance with the rules was upon this record a pure question of fact.    Its determination depended upon the conflicting evidence shown in affidavits.    The finding of waiver was not required as matter of law.    *Chertok* v. *Dix,* 222 Mass. 226.

There was ample evidence to support all findings of fact made by the judge.    There was no error of law in denying the several requests of the plaintiff for rulings of law.

*Exceptions overruled.*