JAMES R. WALSH *vs.* BERNETT FEINSTEIN.

SAME *vs.* SAME.

Hampden.     January 19, 1931. — February 26, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Practice, Civil,* Exceptions: filing, notice.

G. L. c. 231, § 113, and Common Law Rule 51 of the Superior Court (1923) mean that the filing of exceptions must occur first and that notice thereof to the adverse party must follow, to report and give information of a past event.

Where unsigned bills of exceptions in the Superior Court were mailed to the clerk on April 26, and, having been returned by the clerk without acceptance or filing, were signed and again mailed, being received and filed by the clerk on April 30, they were not filed until April 30, and letters sent by the attorney for the excepting party to the adverse party on April 28 and April 29, notifying him that the bills were filed, did not comply with said statute and rule; and the exceptions must be dismissed.

TWO ACTIONS OF CONTRACT. Writs dated February 26, 1927, and January 23, 1929.

The actions were tried together in the Superior Court before *Burns*, J., and each resulted in a verdict for the plaintiff. Proceedings relative to the filing of the defendant's bills of exceptions are described in the opinion. A motion by the plaintiff in each action to dismiss the exceptions was allowed. The defendant alleged exceptions to the allowance of the motions.

*H. W. Radovsky,* (*B. F. Evarts* with him,) for the defendant.

*T. C. Maher,* (*F. J. McKay* with him,) for the plaintiff.

RUGG, C.J.   The plaintiff filed motions to dismiss the defendant's bills of exceptions because no sufficient notice in writing was given of the filing of the same as required by G. L. c. 231, § 113, and Common Law Rule 51 of the Superior Court (1923). These requirements are that " exceptions shall be reduced to writing . . . and filed with the clerk, and notice thereof shall be given to the adverse party . . . ." These words plainly mean that the filing must occur first and that the notice must follow to report and give information of a past event. The words employed and the frame of the sentence forbid the construction that they may be satisfied by an anticipatory advice or warning of an event expected to come to pass. Provision is made by Common Law Rule 27 of the Superior Court (1923) for service of such notice but it has no relevancy to the issues here presented.

It is recited in the exceptions that unsigned bills of exceptions were mailed in behalf of the defendant to the clerk on April 26, 1930, and that on April 28 a letter dated April 26, 1930, was mailed to the attorney for the plaintiff stating that the exceptions were " filed this day." The unsigned bills of exceptions were returned without being accepted or filed by the clerk to counsel for the defendant, were by him signed and mailed again to the office of the clerk, reaching there on April 30, 1930, when they were filed. On April 29, 1930, by letter of that date counsel for the defendant delivered to counsel for the plaintiff another notice, stating: " This is to notify you that in the cases " Walsh against Feinstein, " we have filed " defendant's bills of exceptions. After hearing, the trial judge made a finding to the effect that the bills of exceptions were filed in the office of the clerk of courts on April 30, 1930, that no notice in writing was given to counsel for the plaintiff on that day or since, and that such notices of filing as were given to counsel for the plaintiff were given and received prior to the filing of the

bills of exceptions. These findings are abundantly warranted by the evidence and must stand as final.

Whether the notices were given was a pure question of fact. *Chertok* v. *Dix,* 222 Mass. 226. *Day* v. *McClellan,* 236 Mass. 330, 332.

It is plain that the exceptions were not filed until April 30, 1930. The presentation of unsigned papers in form fit to be exceptions when signed was of no effect. *Gorski's Case,* 227 Mass. 456, 460. *Thorndike, petitioner,* 244 Mass. 429, 431. *Thorndike, petitioner,* 252 Mass. 154, 157, and cases cited. *O'Neil* v. *Boston,* 257 Mass. 414. *Wilson* v. *Checker Taxi Co.* 263 Mass. 425. There is nothing in *Gloucester Mutual Fishing Ins. Co.* v. *Hall,* 210 Mass. 332, *Dutton* v. *Bennett,* 256 Mass. 397, which helps the defendant.

*Exceptions overruled.*