ARLINGTON TRUST COMPANY *vs.* SAMUEL B. LE VINE.

Suffolk.     January 15, 1935. — February 26, 1935.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Practice, Civil*, Exceptions: notice of filing.

A letter sent by counsel for an excepting party to counsel for the opposite party, in which the writer stated, "I am this day filing" a bill of exceptions, did not fulfil the requirements of G. L. (Ter. Ed.) c. 231, § 113, as to the giving of notice of the filing, in that the writer did not state that the bill had been filed before the letter was sent; and a motion to dismiss the bill on that ground should have been granted.

CONTRACT upon two promissory notes. Writ in the Municipal Court of the City of Boston dated January 9, 1934.

On removal to the Superior Court, the action was tried before *Macleod*, J., who ordered a verdict for the plaintiff in the sum of $2,212.43. The defendant filed a bill of exceptions and gave the notice described in the opinion. A motion to dismiss the bill because of inadequate notice of its being filed was heard by *Weed*, J., who ruled that the notice was sufficient and denied the motion; and the plaintiff alleged exceptions.

*C. A. Warren*, (*N. R. Voorhis* with him,) for the plaintiff.
*B. G. Leve*, for the defendant.

RUGG, C.J. The plaintiff seeks in this action of contract to recover on two promissory notes and under a written agreement supplemental thereto, all of which were in evidence. The genuineness of the signature of the defendant to each was admitted. The notes were overdue. The defendant failed to make payments as stipulated in the

supplemental agreement. At the close of the evidence each party moved for a directed verdict. The parties having agreed upon the amount due the plaintiff, if it was entitled to recover, a verdict was directed in its favor on June 1, 1934. The defendant filed a bill of exceptions on June 18, 1934. The plaintiff filed a motion to dismiss this bill of exceptions on the ground that notice of the filing thereof was not given as required by G. L. (Ter. Ed.) c. 231, § 113. At the hearing upon that motion, it appeared that on June 18, 1934, there was mailed by counsel for the defendant to counsel for the plaintiff, postage prepaid, a letter dated June 18, 1934, properly addressed and signed and referring to the case by name, of this tenor: "I am enclosing herewith copy of the Defendant's Bill of Exceptions in the above entitled matter, original of which I am this day filing with the Clerk of the Superior Court at Boston." The letter was received by counsel for the plaintiff on June 19, 1934. The requirements as to the giving of notice of the filing of exceptions, as set forth in G. L. (Ter. Ed.) c. 231, § 113, and Rule 3 of the Superior Court (1932), are that the exceptions shall be reduced to writing and filed with the clerk, and notice thereof in writing shall be given to the adverse party. It was said in *Walsh* v. *Feinstein*, 274 Mass. 597, 598: "These words plainly mean that the filing must occur first and that the notice must follow to report and give information of a past event." The notice in the case at bar did not fulfil these requirements. It did not purport to recite a past event. At best it was equivocal on this point. It did not declare whether the exceptions had been filed before, or were to be filed contemporaneously with, or after, the mailing of the letter. Correctly construed, the notice stated an unfinished act in process of performance and not so completed as to have become a fact. There has always been strict construction of the statutes and rules as to the giving of notice of filing exceptions. *Broomfield* v. *Sheehan*, 190 Mass. 585. *Chertok* v. *Dix*, 222 Mass. 226. The rule that the law generally is not concerned with fractions of a day, *Stevenson* v. *Donnelly*, 221 Mass. 161, 164, has no relevancy in this connection.

It may not be amiss to add that there is no merit in the

exceptions as filed. Verdict was rightly directed for the plaintiff.

The motion to dismiss the defendant's exceptions ought to have been granted. The plaintiff's exceptions are sustained. The defendant's exceptions are dismissed. Judgment is to be entered for the plaintiff on the verdict. G. L. (Ter. Ed.) c. 231, § 124.

*So ordered.*