GEORGE SAUNDERS vs. SHOE LACE COMPANY & another.

Essex.    November 8, 1935. — January 28, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Practice, Civil*, Exceptions: notice of filing.

Under G. L. (Ter. Ed.) c. 231, § 113, a bill of exceptions must first be
filed before a valid notice of its filing can be given to the adverse
party.

A notice to the adverse party stating that a bill of exceptions had been
sent to the clerk's office, and enclosing a copy, was insufficient under
said § 113.

PETITION for a writ of mandamus, filed in the Supreme
Judicial Court for the county of Essex on July 7, 1934.

A motion to dismiss the respondents' bill of exceptions
was allowed by *Field*, J.    The respondents alleged ex-
ceptions.

*W. B. Farr*, for the respondents.

*D. J. Cohen & E. J. Flavin*, for the petitioner, submitted
a brief.

RUGG, C.J.    This is a petition for a writ of mandamus.
The case was heard upon the pleadings and an auditor's
report.    An order was made that the writ issue as prayed
for.    Thereafter the respondents filed a bill of exceptions,
and the petitioner moved to dismiss the bill on the ground
that the notice given was defective and not in accordance
with the governing statute.

The evidence on this point showed that a bill of excep-
tions of the respondents was prepared and sent by mail,
postage prepaid, to the clerk of courts at Salem on Febru-
ary 13, 1935, accompanied by a letter requesting that the
exceptions be filed.    Thereafter on the same day there was
deposited in the mail, postage prepaid, a notice to the
attorney for the petitioner stating that there had been
sent to the office of the clerk of courts at Salem a bill of

exceptions, copy of which was enclosed.   In due course the letter to the clerk of courts and the bill of exceptions should have reached him on the morning of February 14, 1935, and the letter addressed to the attorney for the petitioner should have reached his office on the same morning. The respondents requested rulings that (1) upon all the evidence a finding would not be warranted that there was no compliance with the statute, and (2) upon all the evidence the motion should be denied.   The court refused to grant these requests for rulings, and made an order allowing the petitioner's motion to dismiss the bill of exceptions.

It is required by G. L. (Ter. Ed.) c. 231, § 113, that exceptions shall be reduced to writing "and filed with the clerk, and notice thereof shall be given to the adverse party."   It has been held that these words mean that the filing of the exceptions "must occur first and that the notice must follow to report and give information of a past event."   *Walsh* v. *Feinstein,* 274 Mass. 597, 598.   *Arlington Trust Co.* v. *Le Vine,* 289 Mass. 585.   A strict construction has always been placed upon the statutes as to the giving of notice of the filing of exceptions.   *Broomfield* v. *Sheehan,* 190 Mass. 585.   *Chertok* v. *Dix,* 222 Mass. 226. The notice given in the case at bar was in writing.   It did not comply with the statute.   It did not state that the exceptions had been filed, but stated only that they had been sent to the clerk's office.   Moreover it is plain that the exceptions had not in fact been filed when the notice was sent.   There was no error of law in the denial of the requests for rulings or in the entry of the order dismissing the exceptions.

*Exceptions overruled.*