JORDAN MARSH COMPANY *vs.* ANNA M. BARRY.

SAME *vs.* WILLIAM J. BARRY.

WILLIAM J. BARRY *vs.* JORDAN MARSH COMPANY.

Suffolk.    December 5, 6, 1935. — September 8, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Practice, Civil,* Exceptions: filing, notice of filing; Trial of actions together; Waiver.

A judge of the Superior Court has no power, after the period has passed within which exceptions should have been filed, to allow, *nunc pro tunc* as of a date previous to its expiration, a motion to extend the time for such filing.

Actions "ordered tried together" and so tried were not thereby consolidated, and a motion by a party in his own name in one of them in which he was not a party, for an extension of the time for filing exceptions, though allowed, was of no effect.

No error was shown in the dismissal of a bill of exceptions on the ground that no notice of its filing was given to the adverse party where a finding was warranted on affidavits that the right to notice had not been waived.

THREE ACTIONS, the first two in CONTRACT OR TORT and the third in CONTRACT. Writs in the Superior Court dated, respectively, June 3, 1931, June 2, 1931, and December 18, 1931.

A motion was allowed by consent that the three actions "be ordered tried together." They were heard together by an auditor, who filed a separate report in each action, and afterwards were heard together without a jury by *Morton,* J., who found for the plaintiff in the first action in the sum of $1,710.84; for the plaintiff in the second action in the sum of $19,050.23; and for the defendant in the third action.

Motions respecting exceptions by the Barrys, and action by the judge thereon, are described in the opinion.

*M. H. Sullivan,* (*James F. Sullivan* with him,) for Anna M. Barry and another.

*C. B. Barnes, Jr.,* for Jordan Marsh Company.

RUGG, C.J.    These three actions grow out of an agreement for the furnishing of a house belonging to Anna M. Barry, made by her husband William J. Barry with Jordan Marsh Company. The declaration in the action against Mrs. Barry was in contract on an account annexed consisting of many debit and credit items. The declaration in the action against William J. Barry was in contract upon an account annexed setting forth the same debit and credit items. In each of these actions a motion to amend the writ and declaration was allowed so that there was added a count for conversion of the goods mentioned in the account annexed. *Pizer* v. *Hunt,* 253 Mass. 321, 331. The action by William J. Barry against Jordan Marsh Company was in contract for breach of an agreement to furnish the house.

The cases were heard together before a judge of the Superior Court sitting without a jury. The trial judge on December 28, 1934, found in favor of the plaintiff in the two actions in which Jordan Marsh Company was plaintiff and filed findings and rulings. Anna M. Barry filed a claim of exceptions on January 2, 1935, and on February 13, 1935, filed her proposed bill of exceptions. On March 14, 1935, the plaintiff filed a motion to dismiss this proposed bill of exceptions on the ground that the defendant had failed to comply with the provisions of G. L. (Ter. Ed.) c. 231, § 113, and had failed to file the bill of exceptions and to give notice thereof to the plaintiff within the twenty days after notice of the decision and that time for such filing and notice had not been extended by the court beyond the twenty days. William J. Barry in the action in which he was defendant filed a claim of exceptions on January 2, 1935, and on February 20, 1935, filed his proposed bill of exceptions within the time for such filing as extended. On March 14, 1935, the plaintiff filed a motion

to dismiss these exceptions on the ground that the defendant had failed to comply with G. L. (Ter. Ed.) c. 231, § 113, and had failed to give notice of the filing thereof to the plaintiff. The trial judge on January 15, 1935, found for the defendant in the action in which William J. Barry was plaintiff. On January 18, 1935, that plaintiff filed a claim of exceptions and filed his proposed bill of exceptions within the time allowed therefor as extended on or before February 20, 1935. On March 14, 1935, the defendant filed a motion to dismiss this bill of exceptions on the ground that the plaintiff had failed to comply with G. L. (Ter. Ed.) c. 231, § 113, and had failed to give to the defendant the required notice of such filing.

The hearings upon the motions to dismiss the bills of exceptions were upon affidavits. The facts set forth in the several motions were supported by affidavit. In the action against Anna M. Barry the affidavit of counsel in her behalf in substance was to the effect that he prepared motions to extend until February 6, 1935, the time for filing the exceptions of the defendants in the two cases in which Jordan Marsh Company was plaintiff, and that they were duly allowed and filed on January 15, 1935. On February 6 he was informed by a clerk in the office of the clerk of the court that apparently no motion had been filed by Anna M. Barry to extend the time for filing her exceptions to and including February 6, 1935, and that consequently a motion allowed and filed on February 5, 1935, extending that time to February 20 would not be effective. On investigation it appeared that the motion to extend the time to February 6 had been brought in the name of William J. Barry in all three cases and that William J. Barry had been mistakenly thought to have been a party in the action in which Anna M. Barry was defendant. In truth William J. Barry was not a party to that action. Thereupon a motion in the name of Anna M. Barry to extend the time from February 6 to February 20, 1935, was prepared and assented to by opposing counsel but it was not entered on the docket. It is also stated in the affidavit that there were further negotiations between counsel whereby on cer-

tain conditions counsel for the plaintiff agreed to a motion extending the time from January 20 to February 6, 1935. Motion to extend the time to February 6, 1935, was presented to the trial judge on February 19, 1935, who ruled that he was unable to allow it *nunc pro tunc* because the time to which the extension would be granted had passed. The motion was denied.

In this ruling there was no error. The trial judge had no power to revive the right of a party to file exceptions after the time limited by law had expired. *Allen, petitioner,* 255 Mass. 227, and cases cited. *Barnard Manuf. Co.* v. *Eugen C. Andres Co.* 234 Mass. 148. Rules 72 and 2 of the Superior Court (1932).

These cases were not consolidated. They were simply "ordered tried together." They were referred to an auditor who filed a separate report in each case. They were thereafter heard before a judge of the Superior Court sitting without a jury who entered consolidated findings and rulings in favor of Jordan Marsh Company in the two actions in which it was the plaintiff and who on January 15, 1935, made a finding for the defendant in the action in which William J. Barry was the plaintiff. The cases were thus separate and distinct throughout. They were simply tried together for convenience. They fall within the second class of cases described in *Lumiansky* v. *Tessier,* 213 Mass. 182, 188, 189. *Burke* v. *Hodge,* 211 Mass. 156, 159. See *Barrell* v. *Globe Newspaper Co.* 268 Mass. 99, 101. The motion to extend the time for filing exceptions by William J. Barry in the action against Anna M. Barry, to which he was not a party, was futile and ineffective. It was necessary that a separate motion for extension of time for filing exceptions be filed in each case. Since that was not done in the case against Anna M. Barry, the trial judge had no authority to extend the time. Her exceptions were not filed within the time prescribed by G. L. (Ter. Ed.) c. 231, § 113. There was no error in granting the motion of the plaintiff to dismiss those exceptions. *Day* v. *McClellan,* 236 Mass. 330.

The affidavit of counsel for the defendant with respect to the action against William J. Barry in substance was

to this effect: The time for filing the exceptions had been extended to February 20, 1935. Counsel for defendant was called away on February 19, 1935, and directed his associate to attend to the filing of the exceptions and to give notice of the filing together with copy of exceptions to counsel for the plaintiff. The associate failed to give such copy. There is nothing in the affidavit to show that notice of the filing was given. This omission to give notice of the filing was fatal to the rights of the defendant unless it is shown that there was a waiver by the adverse party. *Arlington Trust Co.* v. *Le Vine*, 289 Mass. 585. *Saunders* v. *Shoe Lace Co. Ltd.* 293 Mass. 265. Whether notice was given and whether waiver of a failure to give notice was proved were pure questions of fact. *Day* v. *McClellan*, 236 Mass. 330. *Walsh* v. *Feinstein*, 274 Mass. 597. The finding of the trial judge was adverse to the defendant on both these points as shown by the granting of the plaintiff's motion to dismiss the exceptions. That finding by the trial judge was final and cannot be reversed. The facts set forth in the record do not require a finding of waiver as matter of law. It is not necessary to analyze the details of the affidavits. It is enough to say that there was no error of law in dismissing this bill of exceptions.

The affidavit in behalf of the plaintiff in the action in which William J. Barry is plaintiff shows that notice of filing the bill of exceptions was not given as required by law. There was no evidence of waiver by the defendant of this failure to conform to the law. It follows that the motion to dismiss the plaintiff's bill of exceptions in that case was rightly granted. *Arlington Trust Co.* v. *Le Vine*, 289 Mass. 585. *Saunders* v. *Shoe Lace Co. Ltd.* 293 Mass. 265.

These points are decisive to show that there was no error of law in dismissing the several bills of exceptions. It is not necessary to consider other arguments urged. In each case the entry may be

*Exceptions overruled.*