DOLOR M. LAFOND & others *vs.* REGISTRARS OF VOTERS OF GARDNER.

Suffolk.    January 6, 1937. — January 25, 1937.

Present: RUGG, C.J., DONAHUE, LUMMUS, & QUA, JJ.

*Practice, Civil*, Exceptions: notice of filing.

Notice to adverse counsel of the filing of a bill of exceptions mailed and received before the bill had been received by the clerk of courts on the same day did not comply with G. L. (Ter. Ed.) c. 231, § 113, and the exceptions properly were dismissed.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on April 14, 1936, for a writ of mandamus.

The petition was heard by *Field*, J., and by his order was dismissed. A motion by the respondents to dismiss a bill of exceptions filed by the petitioners was heard by *Pierce*, J., and was allowed. The petitioners alleged an exception.

*M. A. Moore*, for the petitioners.

*A. E. Livingstone*, for the respondents.

RUGG, C.J. These exceptions relate to the granting of a motion to dismiss a bill of exceptions allowed with respect to a petition for mandamus directed to the respondents. The facts are these: On May 22, 1936, the petitioners filed in the office of the clerk of the Supreme Judicial Court for the county of Suffolk their bill of exceptions, together with an affidavit of notice to counsel, and on the same day gave notice in writing to the respondents of such filing by mailing a notice, together with a copy of the bill of exceptions, to counsel for the respondents. The notice to counsel for the respondents was mailed on May 22, 1936, and reached him at his office at ten minutes before twelve o'clock in the forenoon of the same day. The bill of exceptions was mailed to the clerk's office at the same time that the notice was

mailed to the respondents' counsel, and it reached the clerk's office and was filed at forty minutes after four o'clock in the afternoon of the same day. The notice stated that "we have this day filed with the Clerk of the Supreme Judicial Court for the County of Suffolk, the exceptions of the petitioners." The affidavit stated that notice in writing to the respondents of the filing of the exceptions of the petitioners had been given by mailing the notice to counsel for the respondents. On May 27, 1936, a motion to dismiss the exceptions was filed and due notice given to the petitioners. The single justice "ruled that notice of the filing of the petitioners' bill of exceptions was not given in compliance with the pertinent statutes and granted the motion to dismiss the bill of exceptions." The petitioners duly excepted to this ruling and to the granting of the motion.

It is required by G. L. (Ter. Ed.) c. 231, § 113, that exceptions shall be reduced to writing "and filed with the clerk, and notice thereof shall be given to the adverse party." It has been held that these words mean that the filing of the exceptions "must occur first and that the notice must follow to report and give information of a past event." *Walsh* v. *Feinstein*, 274 Mass. 597, 598. *Arlington Trust Co.* v. *LeVine*, 289 Mass. 585, 586. *Saunders* v. *Shoe Lace Co.* 293 Mass. 265, 266. A strict construction has always been placed upon statutes and rules as to the filing and giving notice of the filing of exceptions. *Saunders* v. *Shoe Lace Co.* 293 Mass. 265. *Broomfield* v. *Sheehan*, 190 Mass. 585. *Chertok* v. *Dix*, 222 Mass. 226. "The rule that the law generally is not concerned with fractions of a day, *Stevenson* v. *Donnelly*, 221 Mass. 161, 164, has no relevancy in this connection." *Arlington Trust Co.* v. *LeVine*, 289 Mass. 585, 586. The exceptions were not filed with the clerk until after the notice of such filing had been mailed and received by the opposing counsel. There was no error in the denial of the requests for rulings presented by the petitioners. The ruling of the single justice, already quoted, and his action in granting the motion to dismiss the bill of exceptions were right.

*Exceptions overruled.*