Jones, P. J.
In this case, there was a trial on January 24, 1939, and the trial judge reserved his decision thereon until January 27, 1939, when he made a ¡finding for the defendants, allowing all of plaintiff’s requests for rulings, excepting request numbered 6. Said request so refused is not before us on this report, either in form or in substance.
February 2,1939 plaintiff filed a request for a report, and on February 7,1939 a draft report.
So far as this case is concerned, all that appears is that on February 6, 1939, two letters were mailed to the clerk of the court in which said case was pending and to counsel for the defendants containing, respectively, the original draft report and a copy thereof.
A letter from plaintiff’s attorney to the defendants was as follows:
“Enclosed herewith please find a copy of the Plaintiff’s Draft Report in the above action (Shuman v. Brenner) the original of which I have this day forwarded to Court.”
*352 The draft report was received and filed in the clerk’s office February 7,1939.
It does not appear from the report when, if at any time, the letter to the defendants’ attorney was received.
The defendants filed a motion to dismiss the draft report on the ground that the plaintiff did not comply with Buie XXVIII of the District Court Buies. We assume that this was a motion based upon the fact that the letter to the clerk enclosing the motion and the notice to the defendants’ attorney were sent to the defendants’ attorney at the same time, and that the plaintiff’s claim for report was disallowed because notice of the draft report to defendants’ attorney was insufficient under the rule.
Buie XXVIII of the Buies of the District Courts, provides as to the giving of such notice :
“A copy of such draft report shall be delivered or mailed postpaid by the party requesting the report to the adverse party before the close of the next business day after such filing. ’ ’
In the case at bar, the notice to the defendants was mailed at the same time the copy of the draft report was mailed to the clerk of the court. Construing the rules strictly, as we must, it requires the mailing or delivery of the copy after the filing of the original. Arlington Trust Co. vs. LeVine, 289 Mass. 585. In the latter case, a bill of exceptions was filed, and on the same day a copy sent thereof to opposing counsel, with a letter worded as follows :
“I am enclosing herewith copy of the defendants’ bill of exceptions in the above entitled matter, the original of which I am this day filing with the clerk of the Superior Court at Boston”; this was received by counsel for the plaintiff on the next day.
*353 It was held in that case that there was a failure to comply with the statutory provision as to copies.
Quoting from Walsh vs. Feinstein, 274 Mass. 597, in the latter case the court says relative to requirement as to copies
“These words plainly mean that the filing must occur first and that the notice must follow to report and give information of a past event.”
The court said in the Arlington Trust Co. case, at page 586,
‘ ‘ There has always been strict construction of the statutes and rules as to the giving of notice of filing exceptions * * * The rule that the law generally is net concerned with fractions of a day * * * has no relevancy in this connection.”
Although the rule does not require that notice be sent, it does require that copy of the draft report be filed a certain time after the filing of the original.
In this respect, plaintiff failed to strictly comply with the rule which, to our mind, is proper reason for allowing the motion now before us. Arlington Trust Co. vs. LeVine, 289 Mass. 585. Catalano vs. Frost Insecticide Company, 1937 Appellate Division Reports, Vol. 2, p. 588.
Draft report is dismissed.