BENJAMIN J. CHECKOWAY *vs.* CASHMAN BROTHERS COMPANY.

Essex.     January 3, 1940. — March 26, 1940.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Practice, Civil*, Exceptions: notice of filing.

A notice of the filing of a bill of exceptions, deposited in the mail before, but received by the attorney for the adverse party after, the clerk of courts received the bill by mail, was a notice given by delivery under Rule 3 of the Superior Court (1932), spoke as of the moment of its delivery, and, the bill then being on file, was sufficient under G. L. (Ter. Ed.) c. 231, § 113.

CONTRACT.     Writ in the Superior Court dated March 11, 1938.

The plaintiff alleged an exception to the allowance by *Burns*, J., of a motion by the defendant to dismiss a bill of exceptions previously filed by him.

*T. A. Moran*, for the plaintiff.

*P. I. Lawton*, for the defendant.

QUA, J.     The question to be decided is whether or not there was error in dismissing the plaintiff's exceptions for failure to give sufficient notice of the filing of his bill of exceptions.

It is provided by G. L. (Ter. Ed.) c. 231, § 113, that exceptions shall be filed, "and notice thereof shall be given to the adverse party," within twenty days after the ver-

dict. The words "notice thereof" mean notice that the filing has actually taken place. Hence the filing must in truth have taken place before the notice is given. *Walsh v. Feinstein,* 274 Mass. 597. *LaFond v. Registrars of Voters of Gardner,* 296 Mass. 453. And the notice must state that the filing has taken place as a definitely past fact. *Arlington Trust Co. v. Le Vine,* 289 Mass. 585. *Saunders v. Shoe Lace Co.* 293 Mass. 265. Under the provisions of Rule 3 of the Superior Court (1932) the notice is to be given in writing to the party or his attorney "by delivering the same personally to him" or by mailing postpaid. Under this rule a notice by mailing otherwise sufficient is complete and effective immediately upon being deposited in the post office. *Blair v. Laflin,* 127 Mass. 518, 521. *Cowley v. McLaughlin,* 141 Mass. 181, 183.

In this case the sequence of events was as follows: The verdict was rendered September 30, 1938. Before 3 P.M. on October 19 the plaintiff mailed his bill of exceptions, addressed to the clerk. On the same day at 8 P.M. the plaintiff mailed a notice, addressed to the defendant's counsel, stating that he enclosed a copy of the bill "filed by the plaintiff." The bill of exceptions reached the clerk's office in the forenoon of October 20. The notice reached the defendant's counsel after 4 P.M. on October 20. In other words, a notice, stating in substance that the bill of exceptions had been filed, reached the defendant's counsel after the bill had in fact been filed and within the required twenty days.

When the notice was mailed it did not speak the truth, for the bill of exceptions had not then been filed. In view of the strictness with which all matters relating to time in appellate procedure are judged, this notice, considered himply as a notice by depositing in the post office without regard to its subsequent receipt by the addressee, was insufficient. But under Rule 3 notice may be given by delivery as well as by mailing. If the plaintiff, either himself or by a messenger, had delivered the notice personally to the defendant's counsel at the time when that counsel did in fact receive it, the notice would have complied in all

respects with the statute and the rule. We see no reason why the excepting party may not deliver the notice through the post office, if he is willing to take the chance that it will actually reach the opposing party or his counsel in person, as it did in this case, after the exceptions have reached the clerk's office and before the expiration of the twenty days. The words "delivering the same personally" as used in the rule do not require the service in hand which is familiar in connection with a writ or process of the court. They are satisfied if the notice is caused to reach the party or his counsel in person. This is implied by what was said in *Foley* v. *Talbot*, 162 Mass. 462, 463, and in *Thorndike, petitioner*, 270 Mass. 334, 335. See *Murch* v. *Clapp*, 228 Mass. 569, 570. In our opinion a sufficient notice was duly given by delivery and that notice spoke as of the moment of delivery. In none of the cases in which the notice has been held bad was it shown that a notice stating that the bill of exceptions had been filed reached the opposing party or his counsel after the actual filing of the bill and within the twenty days. Compare *LaFond* v. *Registrars of Voters of Gardner*, 296 Mass. 453.

The exceptions now before us are sustained, and an order is to be entered denying the defendant's motion to dismiss the plaintiff's original exceptions.

*So ordered.*