No. 904          Southern          Norfolk, ss.

CLARENDON STUDIOS, INC.          (Samuel E. Seegel)
v. PAULSON          (Charlotte Seifer)

From the District Court of Eastern Norfolk—Murphy, J.

Argued April 10, 1941—Opinion Filed May 6, 1941

ESTES, J. (Sanborn, P.J., & Briggs, J.)—After a finding for the plaintiff in this action the defendant filed a request for a report on October 24, 1940. On the twenty-sixth day of October, the defendant mailed to the court a draft report and at the same time mailed a copy to the plaintiff. The report was received and filed in court October 28. A request for hearing was filed and the date for same was set for November 20. On the latter day the plaintiff presented to the trial judge a motion to dismiss the report because the defendant had not complied with Rule 28, then in force. An affidavit was added to the motion. The court allowed the motion because "the defendant did not comply with Rule 28 of the District Court Rules: The Copy of the Draft Report in question was mailed to the adverse party prior to the filing of the original."

The motion to dismiss was correct procedure. *Day v. McClellan,* 236 Mass. 330.

The defendant, claiming to be aggrieved by the allowance of the plaintiff's motion to dismiss the report, and by the refusal of the court to consider (establish) the report, the court has established this report. This procedure is not questioned, and under the decision of *Gallagher v. Atkins,* Mass. Adv. Sh. 301, 24 BTL 210, it seems to be correct. It further seems to be well established that a copy mailed to the adverse party at the same time the draft report is mailed to court is not a compliance with Rule 28. See *Catalano v. Frost Insecticides Co.* A. L. R. Vol. 2, No. 6 P. 588; *Walsh v. Feinstein,* 274 Mass. 597; *Arlington Trust Co. v. Levine,* 289 Mass. 585. The defendant admits that the question of whether she complied with the rule is open to attack, but maintains that non-compliance

with the rule is immaterial because she should not be deprived of her opportunity to protect her interest and "absolute right" to have a report established. She bases her argument that she has been deprived of that right on Rule 22. She claims that filing the motion with the trial judge on the day of hearing on the draft report, and subsequent addition of the required affidavit did not comply with Rule 22; further, that she did not have sufficient notice. Consequently the motion was "inoperative" and should not have been considered by the court. She argues, however, that the court could (should) have extended the time for filing the draft report. The short answer to this is that it does not appear that the court was asked to extend the time.

If Rule 22 applies in this case, no prejudicial error appears. No harm was done the defendant. The court could hear the evidence that notice of filing was not properly given the plaintiff and disallow the report. But we think there was no abuse of discretion in allowing the affidavit to be added to the motion and filing it in its final form. The facts being established, a longer notice would avail the defendant nothing.

Report dismissed.