BRIGGS, J. (Estes, A. P. J.,* and Rollins, J.)
This case arises out of an action in which the plaintiff seeks to recover damages for the Breach of a contract in writing.
The defendant filed a “Plea in Abatement” to said action on the ground that a prior action had been brought by the plaintiff against the defendant for the same cause of action and was still pending when this action was commenced and entered. (Whether the pleading of the defendant is, in effect, an answer in abatement or in bar was not argued.)
The trial court ruled that the writ and action should abate. *43 Nine requests for rulings were duly filed by the defendant of which four were denied, and the plaintiff claiming to be aggrieved by the finding of the court, and its action on the requests, requested a report to this Division, said claim being received by the Clerk of the Court on July 22, 1941.
Thereafter, on July 24, 1941, the plaintiff mailed his draft report simultaneously to the Clerk of Fourth District Court, Attleboro, Mass, and also mailed a copy to Francis J. Bird, Esq., Attorney at Law, Attleboro, Mass.
The draft report was received at the Clerk’s office of the. Fourth District Court on July 25th, at 8:30 A. M. The copy was received by Francis J. Bird, attorney for the defendant on July 25th, at 8:20 A. M.
On July 30th the defendant filed a motion to dismiss the plaintiff’s claims for a report because the plaintiff had failed to comply with Rule 28 of the Rules of the District Courts.
That part of Rule 28 which defendant relies on is as follows: “. . . The Party requesting a report shall file a draft thereof ... A copy of such draft report shall be delivered or mailed postpaid by the party requesting the report to the Trial Justice and to the adverse party before the close of the next business day after such filing.”
As appears by the Report, the plaintiff sent no copy to the Trial Justice. Neither was a copy sent to the adverse party after such filing. It further appears that while the draft reports were mailed to the Court and to counsel simultaneously, the copy addressed to counsel was received by him prior to the receipt of the original by the Court. Whether written notice of the filing was sent does not appear and is not in issue.
The power and authority of district courts to make and promulgate rules for their procedure has been repeatedly recognized. These rules cannot be disregarded. See Holton v. American Pastry Products Corp. 274 Mass. 268.
According to the practice in district courts, a report serves the purpose of a bill of exceptions in other courts. It has long* been established as proper procedure for a trial court to dismiss a bill of exceptions for failure to comply with the established rules. No reason appears why the practice should not be the same, as nearly as may be, in the case of a claim for a report or a draft report rightly on the files of the district courts. Gallagher Atkins, 305 Mass. 261; Saunders v. Shoe-Lace Co., 293 Mass. 265.
A strict construction of the rule requires that the draft report be filed and that thereafter, and before the close of the next business day, a copy thereof delivered or mailed to the adverse party. Walsh v. Feinstein, 274 Mass. 597; Arlington Trust Co. v. LeVine, 289 Mass. 585.
We construe compliance with this rule to require that the draft report be filed and that thereafter, and before the close of the next business day, a copy thereof be delivered or mailed *44 to the trial judge and to the opposing party. The failure of the plaintiff to strictly comply with the rule is fatal in this case. The trial court was in error in refusing to grant the defendant’s motion to dismiss.
The disallowance of the defendant’s motion is to be overruled and the motion of the defendant to dismiss the report is allowed. In view of this we do not consider the plaintiff’s report.
*Mr. Justice Estes took no part in the consideration of this case.