Pettingell, P. J.
On January 4, 1943, after the trial of an action on a promissory note, the plaintiff received notice of a finding for the defendants. On January 8, 1943, the attorney for the plaintiff mailed to the clerk of the District Court a draft report. At the same time, he sent a letter, postage prepaid, addressed to the defendant’s attorney at his office in Malden, enclosing a copy of the draft report, *279 stating in part: “I am enclosing a copy of the Draft Report in this case, the original of which I am today mailing to the clerk for filing. ’ ’ The draft report and the copy of it were received, by the clerk and the defendant’s attorney respectively, in the first mail on January 9, 1943.
The defendant’s attorney filed a motion on behalf of each defendant to dismiss the plaintiff’s draft report for non-; compliance with that part of Rule 28 of the Rules of the District Courts (1940 Ed.), which has to do with the filing of draft reports; after hearing; the motions to dismiss were allowed. The trial judge made findings of fact which include the following:
“There is no evidence that the receipt of the Draft Report by the Clerk and the receipt of notice thereof by the adverse party were not simultaneous.”
The trial judge did not find that the receipt of the copy by the adverse party was not before the close of the next business day after the draft report was filed. It is to be noted that he speaks of “the receipt of notice” thereof.
The error alleged is the propriety of the trial judge’s ruling in allowing the motions to dismiss.
The issue of law involved in this situation has been before the Supreme Judicial Court with regard to the filings of bills of exception in the Superior Court. The situation was analyzed by that court in its opinion in Checkoway v. Cashman Brothers Co., 305 Mass. 470, at pages 470, and 471, as follows:
“It is provided by G. L. (Ter. Ed.) C. 231, Section 113, that exceptions shall be filed, ‘and notice thereof shall be given to the adverse party, ’ within twenty days after the verdict. The words ‘notice thereof’ means notice that the filing has actually taken place. Hence the filing must in truth have taken place before the notice is given. Walsh v. Feinstein, 274 Mass. 597. LaFond v. Registrars of Voters of Gardner, 296 Mass. *280 453. And the notice must state that the filing has taken place as a definitely past fact. Arlington Trust Co. v. LeVine, 289 Mass. 585. Saunders v. Shoe Lace Co. 293 Mass. 265. Under the provisions of Rule 3 of the Superior Court (1932) the notice is to he given in writing to the party or his attorney ‘by delivering the same personally to him’ or by mailing postpaid. Under this rule a notice by mailing otherwise sufficient is complete and effective immediately upon being deposited in the post office. Blair v. Laflin, 127 Mass. 518, 521. Cowley v. McLaughlin, 141 Mass. 181, 183.”
The interpretation of G. L. (Ter. Ed.) C. 231, Section 113, which is the basis of the rule stated in the foregoing excerpt from Checkoway v. Cashman Brothers Company, 305 Mass. 470, is found in Walsh v. Feinstein, 274 Mass. 597, at 598, where it is stated by Chief Justice Bugg:
“These requirements are that ‘exceptions shall be reduced to writing . . . and filed with the clerk, and notice thereof shall be given to the adverse party . . . These words plainly mean that the filing must occur first and that the notice must follow to report and give information of a past event. The words employed and the frame of the sentence forbid the construction that they may be satisfied by an anticipatory advice or warning of an event expected to come to pass.”
It is apparent that Walsh v. Feinstein, 274 Mass. 597, was decided upon a strict construction of the text of section 113 of Chapter 231. Arlington Trust Co. v. LeVine, 289 Mass. 585 emphasizes this for the court says, at page 586, after quoting Walsh v. Feinstein,
“Correctly construed the notice stated an unfinished act in process of performance and not so completed as to have become a fact. There has always been strict construction of the statutes and rules as to the giving of notice of filing exceptions.”
*281 Saunders v. Shoe Lace Co., 293 Mass. 265, and LaFond v. Registrars of Voters, 296 Mass. 453, follow closely the theory of a strict construction of the language of G. L. (Ter. Ed.) Section 113 of Chapter 231.
These cases all turn, not on the reasonableness or convenience of a practice but upon a strict interpretation of the words of the statute which prescribes that practice. But that statute and that interpretation have nothing to do with the issue before us. That statute applies to the filing of exceptions in the Superior Court. It does not apply to Appellate Division procedure. What we have to do in the case before us is to interpret Rule 28 of the District Court Rules (1940 Ed.) which does apply.
The parts of the rule applicable to this .situation are:
‘ ‘ The party requesting a report shall file a draft report thereof within ten days after notice of the finding or decision in the cause * * *. A copy of such draft report shall be delivered or mailed postpaid by the party requesting the report to the trial Justice and to the adverse party before the close of the next business day after such filing. ’ ’
Nowhere in the rule is there wording requiring the party filing a draft report to give notice to the adverse party that the draft report has been filed, or which requires him to file the draft report before he mails or delivers a copy to his adversary; nowhere in the rule are there words which can be interpreted to mean that if he mails or delivers the copy before the original is filed, he has violated the rule. The only requirement is that some time before the end of the next business day after filing he must put opposing counsel in possession of a copy of what is filed. If he files his draft report today, he has all day today and all day tomorrow to deliver the copy. The “close of the next business day after such filing” is the only time limit appearing in the rule relating to the copy and that applies only to the time of its delivery.
*282 This part of Rule 28 has never been passed upon by the Supreme Judicial Court. It has been before the Appellate Division twice, the first time, in the case of Catalono v. Frost Insecticide Co., 2 Appellate Division Reports, 588. The Appellate Division, in deciding that case, made no at - tempt to interpret literally the wording of the rule, although attention was called in the opinion to the fact that the rule does not require notice of the filing of a draft report as G. L. (Ter. Ed.) C. 231, Section 113 requires notice of the filing of a bill of exceptions. The court after making that comment, went on to accept the decision in Arlington Trust Co. v. LeVine, 289 Mass. 585, as decisive of the issue, and to decide on the strength of that case that the copy must be delivered or mailed “after” the original has been filed.
The other case in which the Appellate Division has passed upon Rule 28, is Shuman v. Brenner, 4 Appellate Division Reports, 261, in which the facts are almost identical with those in the case at bar. In that case, also, the court follows Arlington Trust Company v. LeVine, 289 Mass. 585, and Walsh v. Feinstein, 274 Mass. 597, accepting them as authority. It cites, also, Catalono v. Frost Insecticide Co., 2 A. D. R., 588.
The court points out, that Walsh v. Feinstein, supra, and Arlington Trust Co. v. LeVine, require that the filing must occur first and that a notice must follow “to report and give information of a past event.” This is, of course, the Superior Court rule, based upon the language of the statute G. L. (Ter. Ed.) C. 231, Section 113. The court then says, at page 353,
“Although the rule does not require that notice be sent, it does require that copy of the draft report be filed a certain time after the filing of the original. ’ ’
*283 Despite the Court’s recognition of the fact that no notice of the filing is required by Rule 28, and that the rule requires that a copy of the draft report be filed a certain time after the filing of the original, it goes back to an opinion that the plaintiff had failed to comply with the rule because he mailed the copy before the original was filed in Court.
This is an interpretation of Rule 28 based upon the interpretation of the language of G. L. (Ter. Ed.) C. 231, Section 113; nowhere in the Rule is there wording that can be interpreted to mean what the court says it means in Shuman v. Brenner, 4 A. D. R. 261. In none of the Superior Court cases already discussed does the Supreme Judicial Court state that the reason for holding that a copy must be delivered after the original has been filed, is because necessarily that is the nature of things. The first time that that reasoning appears is in Catalono v. Frost Insecticide Co., 2 A. D. R. 588, to be repeated in Shuman v. Brenner, 4 A. D. R. 261. Catalono v. Frost Insecticide Co. so decides upon the authority of Arlington Trust Co. v. LeVine, 289 Mass. 585. But Walsh v. Feinstein, 274 Mass. 597, and Arlington Trust Co. v. LeVine, supra, do not contain that reasoning; those cases say distinctly that that result is necessary for the simple reason that the words of the statute compel it, as they do. The Appellate Division disregarding the real reason for the decision in Arlington Trust Co. v. LeVine, supra, but advancing this new point, finds in that case an argument for applying to Rule 28, the interpretation of the statutory language which is the only basis for the decisions in Walsh v. Feinstein, supra, and Arlington Trust Co. v. LeVine, supra. If the reasoning of Catalono v. Frost Insecticide Co., supra, to the effect that the nature of things requires that an original must be filed before a copy can be mailed or delivered, if Rule 28 is to be complied with, that decision is directly contrary to Check *284 oway v. Cashman Brothers Co., 305 Mass. 470, which explicitly holds that the important factor is not when the copy is mailed but when it arrives. If it comes to hand by mail after the original has been filed, the statute, G. L. (Ter. Ed.) C. 231, Section 113, has been complied with regardless of when the copy was mailed. This is practically the result contended for in this opinion, that if the copy is received by the appellee before the close of the next business day after the draft report is filed, the validity of the procedure is not affected by the fact that the copy was or was not mailed before the original is filed.
As has been pointed out, Arlington Trust Co. v. LeVine, supra, follows the theory of a strict construction of the statute adopted by Walsh v. Feinstein, supra, which bases that construction upon a literal interpretation of the words used in the statute. That the Appellate Division did in Catalono v. Frost Insecticide Co. supra, was to adopt as its interpretation of the language of Rule 28, the interpre tation originated by Walsh v. Feinstein, supra, for the language of G. L. (Ter. Ed.) C. 231, Section 113, is deciding the meaning of certain words used in that section, which words, however, are not contained in Rule 28. As applied to Rule 28, that interpretation is artificial and entirely inapplicable. The only argument for its use is not reason and logic per se, but the contention that it is better to have the several practices in the several courts uniform rather than to have different procedures prescribed for the different courts.
Such uniformity is easily secured. The present practice in the Superior Court is governed by a statute which the Supreme Court has adjudicated repeatedly, using a strict interpretation of the words of the statute. If Catalone v. Frost Insecticide Co. supra, and Shuman v. Brenner, supra, are the law of the Commonwealth, practice in the District *285 Court is governed by Rule 28 of the District Court rules, interpreted by the application to the rule of a strict interpretation of words in the statute but not in the rule. By this application of that interpretation, however unwarranted, uniformity of practice is achieved.
One reason for the application of a strict interpretation of the language of Rule 28, as it exists, without consideration of cases such as Walsh v. Feinstein, supra, and Arlington Trust Co. v. LeVine, supra, based on the statute, is the fact that Rule 28 was prepared for the attorneys practicing in seventy-two District Courts, scattered throughout the Commonwealth, with service by the United States mail which moves on rules and time schedules of its own, made up on the basis of available transportation.
In the case at bar, even applying the rule of Walsh v. Feinstein, supra, the plaintiff here, on the authority of Checkoway v. Cashman Brothers Company, supra, might have shown that the first mail at the Clerk’s office was delivered five minutes before the first mail in Malden and that the filing was prior to the receipt of the copy. Nevertheless, even if counsel deliberately times his mailings so as to get the original to the clerk’s office first, he is taking a chance that delays in the mail service, whether by lateness of trains or otherwise, may defeat his plan.
Uncertainty of this kind is removed, and a more convenient and effective practice is promoted, by a decision that in the Appellate Division the courts proceed under Rule 28, and that that Rule requires only that the adverse party receive his copy before the close of the day after the day of the filing of the original.
It being prejudicial error to dismiss the plaintiff’s draft report for the reasons given, this action of the trial judge is overruled and the plaintiff’s report is to stand for further action in accordance with the rules.