JOSEPH D. VASSO *vs.* FOSTER FURCOLO & another. January 29, 1969. The sole question is whether the judge erred in dismissing the bill of exceptions filed by the plaintiff in connection with an action of tort. General Laws c. 231, § 113, as amended, provides in relevant part that "The exceptions shall be reduced to writing in a summary manner and filed with the clerk, and notice thereof shall be given to the adverse party . . . ." The motions to dismiss were granted because of noncompliance with this provision. The record reveals noncompliance according to the interpretation placed on this provision by numerous decisions of this court, of which the following are illustrative. *Walsh* v. *Feinstein,* 274 Mass. 597, 598. *Arlington Trust Co.* v. *Le Vine,* 289 Mass. 585, 586. *Saunders* v. *Shoe Lace Co.* 293 Mass. 265. The facts set forth in the plaintiff's affidavit tending to show compliance within the principles set forth in *Checkoway* v. *Cashman Bros. Co.* 305 Mass. 470, have never been established by any finding of the judge, and we do not consider them. By St. 1945, c. 328, which amended § 113, the court is empowered to relieve the excepting party from the consequences of noncompliance with § 113 in certain circumstances. The pertinent provision of the amendment reads: "The presiding justice may, if, in his opinion, a bill of exceptions is filed in good faith, and justice so requires, allow such bill of exceptions although the excepting party or his attorney failed, through inadvertence, to comply with all of the provisions of this section." In allowing the motions to dismiss, the judge recognized the discretion granted to him under the foregoing amendment but did "not choose" to exercise it in favor of the plaintiff. In connection with the motions the plaintiff filed fourteen requests on which the judge, '[i]n view of . . . [his] decision" on the matter of discretion, took no action.

Treating this failure to act as an implied denial of the requests (*John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 17), we perceive no error. Most of the requests sought findings of fact and had no standing. *Larson* v. *Jeffrey-Nichols Motor Co.* 279 Mass. 362, 368. The implied denial of the requests (1, 2 and 14) seeking rulings of law reveals no error. It is plain from the decision of the judge that he was guided by the pertinent and correct principles of law in reaching it.

*Exceptions overruled.*

*Timothy J. McInerney* for the plaintiff.
*Joseph F. Kelly* for Foster Furcolo.
*Earl H. Wright* (*Edward J. Farrell* with him) for Elio C. Bellucci.