*Northern District*

No. 5071

### MICHAEL PACILLO
v.
### WILLARD JOSEPH

(April 16, 1957)

*Gadsby, P. J.* This is an action of tort to recover for property damage allegedly due to the negligent operation of a motor vehicle owned and operated by the defendant who struck the rear of the plaintiff's automobile while it was at a standstill on Broadway at the intersection of Ferry Street, Everett, Massachusetts, on October 29, 1954.

The court found for the plaintiff assessing damages in the sum of $1.00.

The plaintiff filed four requests for rulings of law of which the Court allowed requests numbered 1, 2 and 3 and disallowed ruling on request numbered 4 in view of the finding. Request number 4 is as follows:

> 4. From the extent and nature of the damage sustained can be deduced the approximate speed, and the force of the impact of the striking car to the rear.

The Court found the following facts:

"On all the testimony, defendant was negligent since on his statement his foot slipped off the brake peddle as car was stopped on a slight slope and car rolled ahead slowly three or four feet into rear of plaintiff's car. I am not satisfied that any appreciable damage resulted to plaintiff's car assuming the defendant's story is correct. I am not satisfied that plaintiff's story is true that his car was pushed fifteen feet by the impact".

The plaintiff claimed to be aggrieved by the Court's assessment of damages and by the denial of ruling number 4.

There was no error in the denial of request number 4. This request insofar as it may be regarded as a request for ruling of law became immaterial in view of the finding for the plaintiff.

The plaintiff also contends that the Court erred in assessing damages in the sum of $1.00.

As was said in *Cerrato v. Miller,* 264 Mass. 533,

535, "The finding for the plaintiff established that the accident which the property damage sought to be recovered was due solely to the negligence of the defendant; but it did not establish that the witnesses who testified that damage resulted in excess of $1 were trustworthy, or that they stated accurately the damage caused by the accident. The verdict for $1 is a finding that no greater amount was shown to be due by trustworthy testimony, and may well be a proper verdict, although all the witnesses testified to facts which, if believed, would prove larger damages."

As was said in *Murnane v. MacDonald*, 294 Mass. 372, 373, "The verdict for the plaintiff in each case for damages in the amount of $1 was not as matter of law inconsistent with the finding for the plaintiff which such verdict imports. The nature of the accident did not as matter of law require a finding that the damages caused thereby were greater than the damages found."

The trial judge was justified in finding that the plaintiff had failed to establish by credible evidence that the damage caused to the plaintiff's automobile exceeded $1.00 in amount.

The report contains what is evidently a typographical error, in that, it states the plaintiff reports the case to the Appellate Division. Obviously, a party cannot report a case. The report is the report of the judge. What is meant is that the Court reported the case.

There being no prejudicial error, the report is ordered dismissed.

Joseph Bosco, for the Plaintiff.
Richard D. Hewes, for the Defendant.