*Northern District*

No. 5192

## ELIZA LAROSA
v.
## HOWARD D. JOHNSON CO.
&
## GOODWIN'S INC.

(April 25, 1958)

*Present:* GADSBY, P. J., ENO AND NORTHRUP, JJ.

Case tried to KEY, J., in the East Boston District Court. No. 9413 of 1956.

*Eno, J.* By this action of contract and tort the plaintiff seeks to recover for injuries sustained as a result of eating pistachio ice cream.

There is one count in contract and one in tort against each defendant, whose identical answers allege:

1. General Denial.
2. Contributory negligence.
3. Assumption of risk.
4. "That the places referred to in the plaintiff's declaration are public ways" (sic.)
5. Violation of statutes and ordinances by the plaintiff (sic.)
6. Statute of Limitations.

There was evidence that the plaintiff, while a patient in a hospital, gave money to her husband to go to Howard Johnson's and purchase pistachio ice cream; that when he brought it back she started to eat it and bit on something, which was a stone; as a result of which she lost a tooth and received injuries to her gum causing her severe pain for which she received medical and dental treatment. The husband testified that "he believed" he was doing business directly with Howard Johnson; that when he purchased the ice cream he did not see it placed in the container which was in a paper bag, and which he gave to his wife, who was injured in biting on the stone.

The plaintiff made the following requests for rulings which were disposed of by the trial judge as follows:

"1. Upon all the evidence in this case, the plaintiff is entitled to recover.

("please see special findings of fact").

"6. The plaintiff is entitled to recover under Count two of the plaintiff's declaration, for there was a contractual relationship between the defendant and plaintiff; and under the scope of a statutory implied warranty that the ice cream was fit for human consumption. *Carlson v. Turner Centre System*, 263 Mass. 339.

("this request calls for a finding of fact; the plaintiff may be entitled to recover as a result of a contractual relationship and a statutory implied warranty; please see special findings of fact").

"8. The defendant was in violation of G. L. c. 90, §150 and violation of a penal statute is evidence of negligence, as to all consequences that the statute was intended to prevent, without condition or qualification. *Schuler v. Union News Co.*, 259 Mass. 350".

("I do not find G. L. c. 90, §150; 259 Mass. 359 is (not) helpful, however, a ruling on the law you had in mind would probably be immaterial at this time; please see special findings of fact").

"9. There is evidence of the physical act of the defendant in placing ice cream in the container and where the instrumentality, in this case, a stone, imbedded in the ice cream came from the control of the defendant and the circumstances could only be peculiarly within the knowledge of the defendant or his agents or servants; and this occurrence was one, which does not, in common human experience, happen without the negligence of the defendant and this court is warranted in inferring that the occurrence happened because of the negligence of the defendant under the doctrine of res ipsa loquitur".

("please see special findings of fact").

The Court also made the following findings of facts:

"On all the evidence, I find the following facts: The plaintiff did not prove any carelessness or negligence on the part of the defendant, or their

agents or servants; there is nothing in the evidence to show the source of the stone; other than the presence of the stone there was nothing to show that the ice cream itself was unwholesome; there was a contractual relationship between the plaintiff and defendant; there was a statutory implied warranty; there is nothing in the evidence by way of fact or inference as to any notice of the breach of implied warranty relied on by the plaintiff as required by G. L. c. 106, §38. Notice is not even mentioned. The plaintiff's husband stated that when he purchased the ice cream he did not see the ice cream placed in the container, that he received a paper bag in which was a half pint container; there is not evidence of the physical act of the defendant placing ice cream in the container; there is no evidence showing that the instrumentality, in this case, a stone, imbedded in the ice cream came from the control of the defendant; the stone may or may not have been in the container when it was purchased; this occurence was one which in common experience could happen without the negligence of the defendants."

The plaintiff claims to be aggrieved by the denial of the above requests and by the allowance of her requests 2, 3, and 7, with the notation, "as to these please see special findings of fact".

■ The report is erroneously called "Plaintiff's Report". When originally filed the report is called a "Draft Report" and after allowance by the trial judge it becomes simply the "Report". It is the report of the judge and not that of the appealing party. Rule 28, Rules of District Courts, (1952).

■ Requests numbered 2, 3 and 7 cannot be considered, first, because they are not set out in the report, and, second, because since they were allowed at her request the plaintiff cannot now claim to be aggrieved by their allowance.

It is to be noted that the only reference to the

defendants in the report is the testimony of the husband that "he believed he was doing business directly with Howard Johnson." In her brief that defendant is not even mentioned, all the arguments being directed against the other defendant Goodwin's Inc., whose name never even appears in the report of the evidence.

If for no other reason, the report should be dismissed as to the defendant Howard D. Johnson Co., because "believing" one does business with a party is not proof that one has a contractual relationship with that party. It should also be dismissed as to the defendant Goodwin's Inc., since nothing appears in the evidence relative to that concern.

The first request was properly denied, since it fails to include any specification required by Rule 27, Rules of District Courts (1952).

Request No. 6 was also properly denied because it is a count in contract against the defendant Howard D. Johnson Co., and it has not been proved that the plaintiff had any contractual relationship with that defendant, and also because no notice of any breach of warranty under G. L. (Ter. Ed.) c. 106, §38 was ever given to that defendant.

Request No. 8 could not be granted because G. L. c. 90 mentioned in it relates only to Motor Vehicles and Aircraft and is not applicable to the case before us. Counsel evidently intended to cite c. 94 instead of c. 90, and Mass. Volume 295 instead of 259.

And, finally, for the reasons hereinabove mentioned Request No. 9 becomes immaterial.

The report, therefore, is to be dismissed.

Alfred Paul Farese, for the Plaintiff.
Philip W. Bouchard, for the Defendants.