AGNES GERTRUDE JENSEN, administratrix, *vs.* RICHARD L. McELDOWNEY.

Middlesex. October 5, 1960. — December 2, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Evidence,* Refreshment of witness's recollection, Impeachment of own witness, Regulation, Judicial notice, Failure to produce witness. *Witness,* Refreshment of recollection. *Practice, Civil,* Argument to jury; Exceptions: whether error harmful. *Error,* Whether error harmful.

A party at the trial of an action was not entitled to inspect a writing before it was shown to a witness for the opposing party by the opposing party's counsel in order to refresh the witness's recollection. [486–487]

There was no merit in a contention that there was an impeachment by a party of his own witness contrary to G. L. c. 233, § 23, where the witness on direct examination changed some of his testimony after counsel for that party had shown him a signed statement by him to refresh his recollection. [487]

No error appeared on the record of the trial of an action merely by reason of a statement by counsel for the defendant during his argument to the jury that "No witnesses were brought in to show" a certain fact. [487]

At the trial of an action arising out of an automobile accident, no impropriety appeared in comment by counsel in his argument to the jury as to the speed limit shown on a highway sign where a police officer had testified without objection that the highway was a "posted road." [487–488]

Error at the trial of an action for the death of one struck by the defendant's automobile, in permitting counsel in his argument to the jury to comment on the distance within which an automobile should stop while going at a certain speed as stated in rules and regulations not put in evidence nor to be judicially noticed, was not shown by the record to be prejudicial. [488]

Rules and regulations of the Registry of Motor Vehicles cannot be judicially noticed. [488]

TORT. Writ in the First District Court of Eastern Middlesex dated October 3, 1957.

Upon removal to the Superior Court, the action was tried before *Sgarzi,* J., a District Court judge sitting under statutory authority.

*Richard D. Gilman,* for the plaintiff.

*Daniel A. Lynch,* (*Paul F. Degnan* with him,) for the defendant.

SPALDING, J.   Late in the afternoon of December 28, 1956, while walking on Route 2A in Acton, William A. Jensen was killed by an automobile operated by the defendant.   In this action of tort brought by Jensen's administratrix to recover for his death, the defendant had a verdict.   The case comes here on the plaintiff's exceptions to several rulings on evidence.

1.   One of the issues was whether Jensen was intoxicated at the time of the accident.   One Turner, a taxi driver called by the defendant, testified that on the day of the accident he drove Jensen from Malden to a sanitarium in Acton; that during the trip Jensen stopped at a liquor store and purchased three half pints of whiskey; and that Jensen upon returning to the cab "took one drink and it came out of his nose . . . and went all over the front of the cab." Counsel for the defendant then asked the witness whether Jensen "threw up in the taxicab after he had that drink" and the answer was "No."   Counsel then put before the witness two sheets of paper and said, "See if it will refresh your recollection."   The papers shown to the witness contained a statement made by him over his signature.   The witness then testified that the statement refreshed his recollection and that Jensen "threw up" in the cab.   Before the witness was shown the statement counsel for the plaintiff asked to see it but the judge denied the request, subject to the plaintiff's exception.   During the cross-examination of the witness plaintiff's counsel made no attempt to inspect the statement.   There was no error.   The point is governed by *Commonwealth* v. *Greenberg,* 339 Mass. 557, where it was said at page 581, "There was no error in the denial of requests by the defendants that they be permitted to inspect the statements before their submission to the witnesses.   While a writing which has been used to refresh the recollection of a witness may be examined by the opposing party to enable him by cross-examination to raise the ques-

tion whether it is a proper memorandum for the purpose,
. . . he is not entitled to inspect the writing before it has
been shown to the witness."

The contention that the foregoing examination amounted
to an impeachment by the defendant of his own witness, in
violation of G. L. c. 233, § 23, is without merit.

2. During his argument, counsel for the defendant
stated, "No witnesses were brought in to show where the
deceased was." Counsel for the plaintiff objected, and
upon being asked by the judge the ground of his objection,
stated, "For commenting on the failure to bring in wit-
nesses . . . here unless he shows some witnesses who are
available to me." The judge then told the defendant's
counsel to proceed with his argument, and the plaintiff ex-
cepted. The foregoing is all that the record shows with
respect to this exception. The setting and context of the
statement complained of do not appear. We are of opinion
that no prejudicial error has been shown. The statement
objected to, fairly construed, does no more than state that
there were no witnesses as to the whereabouts of the de-
ceased; it was merely a statement of fact. It did not ask
the jury to draw an adverse inference because of the ab-
sence of such witnesses. Cases such as *McGeorge* v. *Grand
Realty Trust, Inc.* 316 Mass. 373, 377–378, and *Horowitz* v.
*Bokron,* 337 Mass. 739, 743–744, involving comment on the
failure to produce specific witnesses not shown to be avail-
able, are not in point.

3. One Scribner, a police officer of the town of Acton,
testified without objection that Route 2A (on which the ac-
cident occurred) was a "posted road" and that there were
signs on the road indicating that the speed limit was forty-
five miles per hour. In his argument counsel for the de-
fendant stated, subject to the plaintiff's exception, "You
will see the sign here [referring to a photograph] covered
as it is here by snow but the officer told us that this sign
shows 'Speed limit forty-five.' In other words, the law
says that you can drive up to forty-five miles an hour and
be within the law." The plaintiff urges that this argument

was improper because the defendant failed to establish that the road was lawfully posted. See G. L. c. 90, § 18. But in view of the testimony of the police officer which got into the case without objection we think that the argument was not improper.

4. In his argument counsel for the defendant said, "Rules and regulations promulgated by the Registry of Motor Vehicles under the law has certain things to say about brakes and let me read you this." Counsel for the plaintiff objected on the ground that the rules had not been put in evidence. The judge overruled the objection and, subject to the plaintiff's exception, defendant's counsel was permitted to read the "prescribed rules as to the distance within which an automobile should stop going at forty miles an hour."[1] The defendant concedes that the "rules and regulations" from which defendant's counsel read had not been put in evidence. Since they could not be judicially noticed (*Passanessi* v. *C. J. Maney Co. Inc.* 340 Mass. 599, 604), it was error to permit them to be read. But we are of opinion that the error, from anything appearing in this record, cannot be said to have "injuriously affected the substantial rights" of the plaintiff. See G. L. c. 231, § 132.

*Exceptions overruled.*

---

[1] Although described as "prescribed rules," it seems more likely that these were not in fact rules but a table showing the distance that a car ordinarily would travel at given speeds after the brakes were applied.