*Northern District*

No. 5641

**JACK SHANE, D/B/A
J & B SHOE CO.**

**v.**

**GLORIA SYLVIA GOLDSTEIN**

(Sept. 7, 1962)

*Present*: Eno, J. (Presiding), Connolly & Parker, JJ.

Case tried to *Harrington, J.* in the District Court of. Eastern Essex (Salem) .No. 15,488.

*Parker, J.* This is an action of contract in which the plaintiff seeks to recover $513.50 for merchandise sold and delivered on an account annexed. The defendant's answer is a general denial, payment and incapacity of

the defendant because of coverture. The case was submitted to the trial justice on an agreed statement of facts as follows:—

"1. The defendant, Gloria Goldstein and her husband, Irvin Goldstein filed a business certificate in the office of the City Clerk at Gloucester. Said certificate recited that the business of "The Bargain Spot" was to be carried on by the signatories at 229 Main Street, Gloucester.

2. The plaintiff sold shoes to "The Bargain Spot" and the plaintiff's account was in that name, and statements showing amounts due for purchases were mailed to "The Bargain Spot".

3. The defendant's husband was the active manager of the business and made all of the purchases, the plaintiff never having dealt personally with the defendant.

4. Both the defendant and her husband had authority to sign checks individually, and on some occasions the defendant did sign a check in payment for merchandise purchased from the plaintiff, said checking account maintained under the business name "The Bargain Spot".

5. The business subsequently became insolvent and the husband filed a petition in bankruptcy in which the plaintiff's claim was listed, and he later obtained a discharge.

6. The plaintiff now seeks to enforce its claim against the defendant wife".

Certain requests for rulings were submitted by the defendant upon which the court took

various actions.

The court found for the plaintiff.

■ The case having been submitted on an agreed statement of facts, it is a "case stated" on which it is the duty of the court to order the judgment required by law on the facts stated. *Caissie v. Cambridge,* 317 Mass. 346, 347.

■ The requests for rulings reported by the court have no standing and bring no questions of law to this Division. *Quincy v. Brooks-Skinner, Inc.,* 325 Mass. 406, 410; *Associates Discount Corp. v. Gillineau,* 322 Mass. 490, 491.

■ The only question before this Division is whether the decision was right on the facts stated and the proper inferences therefrom. *Rock v. Pittsfield,* 316 Mass. 348, 349.

■ We infer from the facts stated that the "business certificate" was filed pursuant to G. L. c. 110, §5 and also that the "signatories" are the defendant and her husband. A certificate under G. L. c. 110, §5 is filed for the information and protection of creditors with whom traders contract under an artificial description which, in the absence of such certificate, might enable the actual or responsible debtor for want of identification to escape liability. *Compton v. Williams,* 216 Mass. 184, 187. The words of the statute do not establish liability but its purpose is informative and to identify the responsible debtor. It does not establish the persons filing

the certificate as the responsible debtors. It cannot be said that this statute has modified the provisions of G. L. c. 209, §§1-10. *Hersch v. Police Commissioner,* 319 Mass. 428, 432; *Mayor v. Water Commissioners,* 320 Mass. 63, 68 and cases cited.

G. L. c. 209, §§1-9 establishes the rights and liabilities of a wife in connection with her separate property.

Under the law, she cannot contract with her husband and therefore, if the arrangement was an attempted partnership, she would not be liable. *Voss v. Sylvester,* 203 Mass. 233; *Bowker v. Bradford,* 140 Mass. 521.

Further, if it be a joint venture of husband and wife, she would not be liable for the same reason. *Edgerly v. Equitable Life Assurance Society,* 287 Mass. 238.

On the other hand, a wife may be held responsible when her husband acts as her agent in business dealings with property owned by her, even though he may contribute something to the property so dealt with by him.

Their incapacity to contract with one another is no bar to the validity of their joint promise to a third party. *Reiman v. Hamilton,* 111 Mass. 245.

On the "case stated," it cannot be determined if the husband was the agent of the wife, indeed the inference would seem more probable that she was his agent. Further, in the agreed facts, nothing is stated as

to whether she contributed anything to the business or owned any part of it, or that it was an attempted partnership between husband and wife.

There is nothing in the case stated to show that this was a contract with reference to her estate in which her estate received any benefit. *Anthol Machine Co. v. Fuller,* 107 Mass. 437; *Willard v. Eastham,* 15 Gray 328, 335.

The filing of the certificate under G. L. c. 110, §5 does not establish ownership of the business. It calls upon a person "conducting a business under any title other than the real name of the person conducting the business, whether individually or as a partnership . . ." to file the certificate. The defendant, by filing the certificate with her husband, simply states she is conducting a business in a name other than her own.

██ It may be urged that under the provisions of G. L. c. 108A, §16 the defendant is estopped from denying that she is a partner because of the fact that she signed the certificate with her husband. It is not stated in the agreed facts that the certificate signed by the defendant contained any reference to any partnership, but assuming that the certificate may be a representation by the defendant or an assent on her part to her husband representing her to be a partner, the "case stated" does not show that the plaintiff gave credit to the apparent partnership on the faith that the defendant was a partner.

*Standard Oil Co. v. Henderson*, 265 Mass. 322, 323.

We do not feel that on the "case stated" and the inferences to be drawn therefrom, that the plaintiff has stated a case upon which the court could make a finding in his favor.

The finding for the plaintiff is to be vacated and a judgment is to be entered for the defendant.

Poster, Wilinsky & Goldstein, of Boston, for the Plaintic.

Kaufman & Kady, of Boston, for the Defendant.

*Western Division*