346 Mass. 53                                            53

Bowmar Instrument Corp. *v.* Director of the Division of Employment Security.

---

BOWMAR INSTRUMENT CORPORATION *vs.* DIRECTOR OF THE
DIVISION OF EMPLOYMENT SECURITY & others.

Middlesex.    April 2, 1963. — May 6, 1963.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Employment Security,* Procedure: parties, appeal to Supreme Judicial
    Court. *District Court,* Rules. *Words,* "Adverse parties."

Employees seeking unemployment benefits under G. L. c. 151A, who were
    served with an order of notice and a copy of their employer's petition in
    a District Court under § 42 for review of a decision of the board of
    review in the division of employment security, but who did not file
    answers or appearances in the District Court, were not "adverse parties"
    within the purview of Rule 1 of the Rules of the District Courts (1952)
    governing appeals to this court in such proceedings, and the employer
    upon so appealing was not required to deliver or mail copies of his draft
    report to such employees. [55–56]
Appeals under the Employment Security Law, G. L. c. 151A, from District
    Courts to this court are governed by Rule 1 of the Rules of the District
    Courts (1952) relating to such appeals and not by Rule 28 of the general
    rules. [57]
The provision of Rule 1 of the Rules of the District Courts (1952) relating
    to appeals to this court from District Courts in employment security
    cases, that "a copy of the draft report [required to be filed] shall be
    delivered or mailed postpaid forthwith by the appealing party to all
    adverse parties or their attorneys and one to the trial judge," was com-
    plied with where an appealing party seasonably mailed the original of a

draft report to the District Court and simultaneously mailed copies thereof to the trial judge and the adverse parties, even if such copies were received prior to the time the original reached the District Court. [57–58]

PETITION filed in the District Court of Central Middlesex on November 8, 1961, for review of a decision of the board of review in the division of employment security.

The petitioner claimed an appeal from the decision in the District Court and filed a draft report. A motion by the director to dismiss such appeal and draft report was allowed by *DiVitto, J.*, and the petitioner appealed.

*George Waldstein* for the petitioner.

*Joseph S. Ayoub,* Assistant Attorney General (*Frederick A. Harkins* with him), for the director of the division of employment security.

*Warren H. Pyle* for Alexander Belida.

SPALDING, J. Ninety-seven employees of Bowmar Instrument Corporation sought unemployment benefits for a certain period under G. L. c. 151A, as appearing in St. 1941, c. 685, § 1, as amended. The director of the division of employment security (director) determined that the claimants were not entitled to benefits for that period. G. L. c. 151A, § 39. The director's determination was affirmed in part and modified in part by the board of review. §§ 40 and 41. Thereafter, Bowmar Instrument Corporation (petitioner) brought a petition under § 42 in the appropriate District Court for review of the board's decision. Pursuant to § 42 the petitioner served an order of notice and its petition on the director, together with ninety-seven copies of each of these documents, and the director forthwith mailed copies of them to the ninety-seven claimants. An answer was filed by one of the claimants, Belida, and the director also answered. None of the other claimants filed answers or appearances. On January 26, 1962, the judge of the District Court, after hearing, affirmed the decision of the board of review and dismissed the petition. The petitioner seasonably claimed an appeal to this court under § 42. With this appeal we are not concerned.

The questions for decision are procedural and do not involve the merits; they arose in these circumstances. Within five days of its claim of appeal, the petitioner mailed the original of a draft report to the District Court and simultaneously mailed a copy of the draft report to the judge, to counsel for the director, and to counsel for the claimant Belida. The petitioner did not serve copies of its draft report upon any of the ninety-six claimants who had not filed appearances or answers in the District Court review proceedings.

Belida moved in the District Court to dismiss the draft report on the ground that the petitioner had failed to deliver or mail copies of the draft report to the adverse parties in accordance with Rule 28 of the Rules of the District Court (1952). The director filed a motion to dismiss both the draft report and the appeal on the following grounds: "1. The copies of the Draft Report mailed to the trial judge and to the attorneys for two of the adverse parties were mailed prior to the filing of the Draft Report with the clerk of this court. 2. Copies of the Draft Report were not mailed to all adverse parties or their attorneys." The judge denied Belida's motion and granted the director's motion. The petitioner appealed.

We lay to one side the petitioner's contention that the director and Belida had no standing to move for dismissal because there had been no service of the draft report on the nonanswering claimants. It is clear that the director had standing to move for dismissal on the ground that the copy of the draft report had been mailed to him prior to the filing of the original in court. We shall deal with both points, however, for they have been argued and involve questions of procedure under the employment security law which ought to be settled.

1. Rule 1 of the Rules of the District Courts governing appeals in employment security cases (p. 62) provides that to perfect the claim of appeal to this court the aggrieved party shall file a draft report with the clerk of the District Court within five days of the filing of the claim of appeal.

A copy of the draft report shall be delivered or mailed forthwith by the appealing party to "all adverse parties or their attorneys." We are of opinion that by failing to appear or answer the petition for review in the District Court, the ninety-six claimants were not "adverse parties" within the purview of the above mentioned rule. Had the decision of the court been adverse to them they would have had no standing to appeal to this court. It is difficult to see how any useful purpose would be served by requiring the appealing party to furnish them with a draft report with respect to an appeal in which they had no standing. The dismissal of the appeal cannot be sustained on this ground.

2. We pass to the question whether the dismissal can be sustained on the ground that copies of the draft report were "mailed to the trial judge and to . . . the adverse parties . . . prior to the filing of the Draft Report with the clerk of . . . court." The director relies on *Famigletti* v. *Neviackas,* 324 Mass. 70, a case construing Rule 28 of the Rules of the District Courts, which held that a report was rightly dismissed when a copy of a draft report was mailed to and received by the adverse party before the original was filed in court. The petitioner argues that the rule of the *Famigletti* case is not applicable because the present proceeding is governed by Rule 1 of the Rules of the District Courts (1952) rather than by Rule 28. It argues, further, that even if the rule of the *Famigletti* case is applicable the director does not bring himself within it, for his motion to dismiss merely alleges that the copies of the report mailed to the judge and the adverse parties "were mailed prior to the filing" of the original with the clerk of court. There is nothing in the record, the petitioner contends, to show that the copies sent to the judge and adverse parties were received by them before the filing of the original in court. That is true. And it is also true, as the petitioner contends, that the time of mailing is not the decisive factor; it is the time of receipt of what is mailed that is controlling. *Checkoway* v. *Cashman Bros. Co.* 305 Mass. 470, 472. It may well be that the judge did not have enough before him to justify the dismissal of the report on the ground that copies of the

346 Mass. 53                                               57

Bowmar Instrument Corp. *v.* Director of the Division of Employment Security.

draft were received by him and counsel prior to the filing in court of the original. But we prefer to rest our decision on broader grounds, for the question is bound to reoccur, and ought to be settled.

Rule 28 of the Rules of the District Courts (1952) provides in part: "A copy of such draft report shall be delivered or mailed postpaid by the party requesting the report to the trial Justice and to the adverse party before the close of the next business day *after* such filing" (emphasis supplied). If Rule 28 is to govern with respect to reports under the employment security law, and if the decision in the *Famigletti* case were to be followed, the copies sent to the judge and the adverse parties must be received by them after the filing of the original in court. But appeals under the employment security law are not governed by Rule 28. As pointed out earlier they are governed by Rule 1 which reads, "To perfect the claim of appeal to the Supreme Judicial Court the aggrieved party shall file with the clerk a draft report within five days of the filing of the claim of appeal. . . . A copy of the draft report shall be delivered or mailed postpaid forthwith by the appealing party to all adverse parties or their attorneys and one to the trial judge . . . ." The director argues that the word "forthwith" in the quoted rule is meaningless unless it refers to some starting point in time and that that starting point can only be the time of the filing of the draft report with the clerk. He contends, therefore, that the construction placed on Rule 28 by the *Famigletti* case should be placed on Rule 1. We do not agree. We think this rule is complied with if the appealing party files his report within the time required by the rule and contemporaneously, as here, mails a copy to the trial judge and to the adverse parties, and that it is not fatal if the copies are received by them prior to the time of the filing of the original in court. Doubtless from the standpoint of symmetry it can be argued that Rule 1 ought to receive the same construction as that placed on Rule 28 and on analogous provisions relating to bills of exceptions. See *Walsh* v. *Feinstein,* 274 Mass. 597; *Checkoway* v. *Cashman Bros. Co.* 305 Mass. 470. Whether the rule laid down

in these cases would now be followed we need not decide. In any event we are not disposed to apply the holding of these cases to any situation unless the applicable statute or rule in terms requires it. It is a matter of common knowledge that lawyers often use the mails to file documents in court and that it is customary and convenient at the same time to mail copies to the persons entitled to receive them. It is both inconvenient and burdensome to require them to make sure that the original has been filed first. This is especially true, where, as is often the case, they are practising in a place at some distance from the place where the document is to be filed. Even when they mail the copy to opposing counsel subsequent to the mailing of the original they can never be sure that the copy will not arrive before the original, due to some delay in the mails. To require the original to be filed first is unrealistic and often leads to controversies of a highly technical sort. See, for example, *Arlington Trust Co.* v. *Le Vine,* 289 Mass. 585 (letter by excepting party to opposing counsel stating, ''I am this day filing'' bill of exceptions held to be grounds for dismissal of exceptions because writer did not state that the bill *had* been filed). *LaFond* v. *Registrars of Voters,* 296 Mass. 453 (bill of exceptions and notice of filing sent at same time; notice received by opposing counsel at 11:50 A.M and bill received in clerk's office at 4:40 P.M.; held, exceptions properly dismissed). Compare *Checkoway* v. *Cashman Bros. Co.* 305 Mass. 470 (bill of exceptions and notice of filing mailed on same day; bill reached clerk's office in forenoon and notice of filing reached opposing counsel in afternoon; held, dismissal of exceptions was error). We think that Rule 1 should be construed to permit what was done here, that is, mailing the original of the draft report to the court and at the same time mailing copies of the report to the judge and the adverse parties. Thus, even on the assumption that the copies were received by the adverse parties prior to the time that the original reached the clerk's office there was compliance with Rule 1.

The order dismissing the draft report is vacated.

*So ordered.*