## Northern District
### A. D. No. 5966
### ELVA JEANNIE BENTLEY
a.k.a.
### ELVA JEANNIE MARSHALL
v.
### ROBERT CAMPBELL MARSHALL
a.k.a.
### ROBERT C. MARSHALL
Filed October 7, 1964

*Present*: Brooks, P. J., Eno & Connolly, JJ.

Case tried to *Thompson, J.* in the Central District Court of Northern Essex (Haverhill). No. 22 of 1963.

*Eno, J.* The only question raised by the report in this case is whether or not there is prejudicial error in the dismissal of the draft report because copies were mailed to the trial judge and to the opposite counsel separately, but at the same time, as the original, and,

therefore, not after the filing thereof in the clerk's office, as required by Rule 28 of the Rules of District Courts. *Famigletti v. Neviakas,* 324 Mass. 70.

It is the contention of the plaintiff that that .cited case is no longer the law of the Commonwealth since the decisions in the cases of *Perma-Home Corp.* v. *Nigro,* 346 Mass. 349, and *Bowmar Instrument Corporation* v. *Director of the Division of Employment Security,* 346 Mass. 53.

> We agree with the trial judge that
> "the two latter cited cases do not change the law in the *Famigletti* case, but simply recite the impracticability of the operation of the Rule and the opportunity afforded the moving party to 'use the mails and take the chance that the copy intended for the opposing party will not reach him until after the Report has reached and been filed in the Clerk's office, and yet reach him before the close of the next business day'."

This is a harsh rule and the committee of justices who are considering a revision of all the District Court Rules has recommended a change in that rule to the Chief Justice of District Courts. The revised rules have not as yet been promulgated by him, but will be after the printing of the new rules has been completed.

We hold, therefore, that the old rule is still in effect and that there was no error in the allowance of the defendant's motion to dismiss.

However, since this rule has been criticized

by our Supreme Judicial Court and the rule itself is in the process of being changed, we feel that the trial judge could make a voluntary report of the case. Then the matter could be disposed of on its merit rather than on a technicality.

Report is to be dismissed.

Henry G. Weaver, Jr., for the Plaintiff.

No brief or argument for the Defendant.