*Western District*

No. 11733

**JOHN P. MULCAHY,
VETERANS' AGENT
OF THE CITY OF NORTH ADAMS**

**v.**

**THE TRAVELERS INSURANCE
COMPANY, and
JOSEPH A. MARUCO**

Argued: Feb. 1, 1968 Decided: Feb. 8, 1968

*Present:* Garvey, J. (Presiding); Levine and Sloan, J.J.

*Sloan, J.* This is a petition brought, pursuant to and under the provisions of G.L. (Ter. Ed.) c. 115, § 5, by the Veterans Agent of the City of North Adams to enforce a lien in the amount of $2755.28 against the Travelers Insurance Company, hereinafter referred to as Travelers. On application of the Travelers, Joseph A. Maruco was made a third party defendant.

The trial justice "found for the defendant or respondent Travelers Insurance Company."

The pertinent facts as set forth in the "Agreed Statement of Facts" are as follows: On December 30, 1960 one Joseph Maruco an employee of the Mullen Construction Company suffered an injury compensable under the Work-

men's Compensation Act. Travelers as the insurer of the Mullen Construction Company accepted the claim of Maruco on January 21, 1961 and commenced payments on January 21, 1961. From January 21, 1961 through February 4, 1966 Travelers paid Maruco in weekly instalments of $81.00 total disability and *dependency compensation* in the amount of $21,505. During this period Travelers paid $4,237.35 for *medical expenses* incurred by Maruco.

Pursuant to lump sum agreement dated *February 4, 1966* and approved by the Division of Industrial Accidents on *March 9, 1966*, $5,-350.00 was paid directly to Maruco and $1,000.00 paid directly to his counsel, one J. Norman O'Connor.

On *September 12, 1963* Maruco had applied to the petitioner for veterans benefits and from that date to some time in 1966, received from the petitioner the sum of $2,755.28, the amount which is the subject matter of this suit.

On *September 12, 1963* Maruco executed an assignment to the petitioner and the Commissioner of Veterans services for the Commonwealth of

"the financial proceeds to be realized and financial damages to be recovered, in all claims and demands which I now have or at any time may have against Mullen Construction Company, Troy, New York and/ or Travelers Insurance Company, 30 North Street, Pittsfield, Massachusetts on account

of unemployment, accident or illness, in the nature of Workmen's Compensation, Accident or Health Insurance, or otherwise, or by legal responsibility of the aforesaid Mullen Construction Company and/or Travelers Insurance Company, as a tortfeasor and his — its insurer or guarantor, if any, said claims and demands to be prosecuted by me, or at the election of the said Veteran's Agent or Commissioner by the said elector in my name, whether by settlement, arbitration, court action or otherwise."

"Said financial proceeds to be realized or financial damages to be recovered are predicated upon an accident which occurred on December 20, 1960 while at work and working for the Mullen Construction Company when Mr. Maruco was struck in the face by a binder strap."

On *September 17, 1963* the petitioner sent written notice of and a copy of the assignment to Travelers, both of which it received.

On *September 20, 1967* the single justice "found for the defendant or the respondent Travelers Insurance Company."

At the outset, we note that the report is entitled "Petitioners Report". It may be pointed out that matters come before the Appellate Division not by means of a "Petitioners Report", a "Plaintiffs Report" or a "Defendants Report" but by a report of the justice who

heard and decided the case. *Pacillo* v. *Joseph,* 13 Mass. App. Dec. 168; *La Rosa* v. *Howard D. Johnson Co.,* 15 Mass. App. Dec. 149; *Perry* v. *Hanover,* 314 Mass. 167.

 This case was heard on an "Agreed Statement of Facts". Whether it be labelled an "Agreed Statement of Facts" or a "Statement of Agreed Facts" it amounts to and should be entitled a "Case Stated". *Murphy* v. *Plymouth Ntl. Bank,* 22 Mass. App. Dec. 36; *Simmons* v. *Cambridge Savings Bank,* 23 Mass. App. Dec. 186; *Shane* v. *Goldstein,* 25 Mass. App. Dec. 5; *Stedman* v. *Gardner,* 25 Mass. App. Dec. 69; *Rogers* v. *Att. General,* 347 Mass. 126.

 It was the duty of the trial judge and it is our duty to order the correct judgment on the case stated. *Commonwealth* v. *Alleged Gaming Apparatus, Etc.,* 335 Mass. 223, 225; *Kimball Co.* v. *Medford,* 340 Mass. 727.

 The parties, not having expressly provided otherwise in the case stated, the trial judge could and the Appellate Division can draw inferences from the case stated. G.L. (Ter. Ed.) c.231, § 126; *Murphy* v. *Boston,* 337, Mass. 560.

The parties in their briefs have raised three issues.

1. Were the payments of veterans benefits by the petitioner to Maruco legal when they were made at a time when Maruco and his dependents were being supported by Workmen's Compensation Benefits.

2. Do the statutory provisions in effect on the date of the accident December 30, 1960 govern or those in effect at the time of the execution of the assignment, September 12, 1963?

3. Did the Industrial Accident Board by stating in its approval of the lump sum settlement that payments be "made directly" to Maruco and his Attorney relieve the Travelers from its obligations, if any, under the assignment?

■ The Travelers argues that since Maruco and his dependents were receiving the maximum benefits under the Workmen's Compensation Act, he and his family were receiving income sufficient for their support — and therefore payments of Veterans benefits was unnecessary and in fact illegal.

Travelers argues that it was the intent of the legislature in enacting the Workmen's Compensation Laws that the workmen and his dependents receive payments sufficient to support them completely.

The short answer to this argument is that there is nothing in the Case Stated that shows or indicates that the workmen's compensation payments to Maruco were completely sufficient for his support. (However, the intent and purpose of the Workmen's Compensation Act was not to furnish support to the employee and his dependents but to compensate an injured em-

ployee for the impairment of his earning capacity. *Kaczmarczyk's Case,* 328 Mass. 9.

The general purpose of the Workmen's Compensation Act was to substitute its provisions for the pre-existing remedies under the law respecting injuries sustained in industrial disputes. *In re Cox,* 225 Mass. 220.

 That the legislature did not intend that an injured employee be restricted solely to workmen's compensation is shown by the provisions of G.L. (Ter. Ed.) c. 152, § 38 enacted in 1911 and remaining unchanged since. This section provides "No savings or insurance of the employee independent of this chapter shall be considered in determining the compensation payable thereunder, *nor shall benefits derived from any other source than the insurer be considered in such determination"*. (Emphasis added).

Our Supreme Court has said:

> "But one may have income other than earnings, and such income does not affect his right to compensation". *Case of Federico,* 283 Mass. 430.

Again that the Legislature contemplated that an injured employee would receive compensation payments and also veterans benefits and others at the same time, is shown by the enactment on May 27, 1954 of Chapter 493, now G.L. c. 115, § 5, par. 4. That Act provided:

> "In the event that the necessity for the granting of veterans' benefits to any veteran. . .is caused by. . .accident. . .to such

veteran. . .and monetary remuneration is provided therefor whether by workmen's compensation, accident or health insurance, or otherwise. . .the veteran's agent or the commissioner may require such veteran. . . to assign to him the whole or any portion of the financial proceeds to be realized from such workmen's compensation, accident or health insurance or otherwise".

It is our opinion that the payments of veterans benefits made by the petitioner to Maruco while the latter was receiving workmen's compensation were proper, legal and valid.

2. Do the statutory provisions in effect on the date of the injury *December 30, 1960* govern or those in effect at the time of the execution of the assignment *September 12, 1963?*

On *December 30, 1960* the date of the injury G.L. (Ter. Ed.) c. 152, § 47 provided in regard to workmen's compensation payments "No payments shall be assignable or subject to attachment, or be liable in any way for debts".

On *November 25, 1960* five days before the injury the Governor signed into law an amendment to G.L. (Ter. Ed. c. 152, § 46 changing it to read "No payment shall be assignable or subject to attachment or be liable in any way for debts, except to a veterans agent or the commissioner of veterans services as and to the extent permitted by section five of chapter one hundred and fifteen".

This act not having an emergency preamble we assume its effective date to be *February 25, 1961* almost two months after the injury.

Counsel for the petitioner argues that the provisions of G.L. c. 152, § 47 in effect on *September 12, 1963,* the date of the assignment, govern and therefor the assignment was permitted and valid.

Counsel for Travelers argue that the provisions of G.L. c. 152, § 47 in effect on *December 30, 1960,* the date of the injury, should govern and that therefor such assignment was prohibited and illegal.

Counsel, however, overlook the provisions of Chapter 493 of the Acts of 1954 effective *May 27, 1954,* now G.L. c. 115, § 5, Par 4 the provisions of which have been set out supra. In substance the 1954 law provided that the veteran's agent could require a veteran to assign to him payment received under Workmen's Compensation Law.

Prior to *May 27, 1954* the Workmen's Compensation Law, G.L. c. 152, § 47 prohibited the assignment of workmen's compensation benefits. c. 152, § 47 was first enacted in 1911 and remained unchanged until February 25, 1960. Thus, it appears, that in 1954 with c. 152, § 47, stating no assignment of Workmen's Compensation payments can be made — the Legislature enacted into law c. 493 of the Acts of 1954 amending G.L. (Ter. Ed.) c. 115, § 5 which provided that the veteran's agent may re-

quire such veteran to assign to him the proceeds realized from workmen's compensation.

We are cognizant of the oft repeated statement of our Supreme Court that repeals of statutes by implication are not favored and unless the prior statute is so repugnant to and inconsistent with the later enactment that both cannot stand, the prior statute is not deemed to have been repealed by the later enactment. *Hoffner* v. *Director of Public Safety of Lawrence*, 329 Mass. 409.

Our Supreme Court has stated that where newly enacted statutes merely amended certain existing ones without repealing them *in toto*, to the extent that the amended sections were inconsistent with the earlier provisions there was an implied repeal of the latter. *Nasser* v. *Commonwealth*, 341 Mass. 485.

Placing the statutes one over the other we find that in 1954 G.L. (Ter. Ed.) c. 152, § 47 provided "no payment shall be assignable". Later in 1954 the Legislature passed a law, now G.L. (Ter. Ed.) c. 115 § 5. . . . "The veteran's agent. . .may require such veteran. . .to assign to him. . .the financial proceeds to be realized from such workmen's compensation. . . ." Thus placed, their inconsistency and repugnancy are readily apparent. They are mutually inconsistent. Both cannot stand together.

It is our opinion that because of such repugnancy and inconsistency, the provision that

no workmen's compensation payment shall be assignable was impliedly repealed, insofar as a veteran's agent is concerned, by the later enactment of the veterans' benefit law.

We are of the opinion that on *December 30, 1960* and on *September 12, 1963* it was the statutory law of this Commonwealth that a veteran's agent could require a veteran seeking veteran's benefits to assign to him the financial proceeds to be realized from workmen's compensation benefits.

We conclude, therefore, that the assignment in the instant case was valid. It is therefore unnecessary for us to pass on the question whether Chapter 792 of the Acts of 1960 was retroactive or prospective in nature.

3. Did the Industrial Accident Board by stating in its approval of the lump sum settlement that payments be "made directly" to Maruco and his attorney relieve the Travelers from its obligations under the assignment.

It appears from the Case Stated that on February 4, 1966 Maruco and the Travelers entered into an agreement for a lump sum payment of $6350.00, and that on March 9, 1966 the Industrial Accident Board approved said lump sum agreement and stated in the letter of approval that $1000.00 be paid directly to Maruco's lawyer and the balance be "paid directly" to Maruco.

It further appears that Travelers on September 17, 1963 received notice of and a copy of

the assignment executed by Maruco. On February 4, 1966 Travelers entered into such lump sum agreement, voluntarily, and without compulsion, while such notice and a copy of the assignment were in its files. *It did not bring to the attention of the Industrial Accident Board, the fact that Maruco's claim against them had been assigned to the petitioner.* The approval of the Industrial Accident Board was simply that — an approval of an agreement voluntarily entered into by Maruco and Travelers.

The Travelers having a notice of the assignment and a copy of the assignment in its files, having entered into a lump sum agreement voluntarily, and having failed to inform the Industrial Accident Board of the fact that its obligation had been assigned by Maruco to the petitioner, cannot now hide behind the language used by the Industrial Accident Board in its letter of approval, to pay the sums "directly" to Maruco in order to avoid its obligations imposed by the assignment.

We have considered a further issue — one not raised or discussed by counsel. Did the petitioner by allowing Travelers, for two years and five months after he received the assignment, to continue to pay to Maruco workmen's compensation in the amount of $81.00 weekly, waive or lose his rights under the assignment? When it received the copy of the assignment Travelers knew Maruco had applied for Veterans' Benefits. When the petitioner re-

quested the assignment he knew that Maruco was receiving workmen's compensation payments. It can be inferred by us that the petitioner and Travelers knew and understood that each would continue the respective payments. The petitioner did not insist on or enforce his right, under the assignment to demand that Travelers pay the weekly compensation payment of $81.00 to him. We do not feel however, that failure to insist on or to enforce his rights to the weekly payments constituted a waiver of his rights to the proceeds of a lump sum agreement. Nothing in the case stated or any inferences that could be drawn therefrom, support any such conclusion. Waiver of rights to receive the weekly payments is one thing but waiver of the right to receive the proceeds of a lump sum settlement in the amount of $6,350.00 is quite a different matter.

There is nothing in the case stated which shows the petitioner knew of the lump sum agreement or of its approval by the Industrial Accident Board. To the contrary there is a strong inference that the petitioner was unaware of the lump sum agreement, its approval by the Industrial Accident Board and the payment of $5250.00 by Travelers to Maruco. We are of the opinion that the petitioner did not waive his rights which he received under the assignment.

The finding for the defendant Travelers is to be vacated and a finding entered for the Travel-

ers against the third party defendant Maruco for $2,755.28.

BENJAMIN APKIN
 for the Petitioner.
RONALD E. OLIVEIRA
 for the Travelers.
JULIUS N. CALVI
 for Maruco.