GLENDON W. BREWSTER *vs.* GIANT STORE, INC. & another[1]. June 5, 1972. The plaintiff brought this action of tort and contract for the negligent manufacture, inspection and testing of a forty foot aluminum ladder by the defendant Griffith Ladder Mfg. Co., Inc. (Griffith), and for breach of implied warranties of merchantability and fitness for a particular purpose by the defendant Giant Store, Inc. (Giant), vendor of the ladder. There was evidence that the ladder collapsed under the plaintiff (who weighed 265 pounds) as he made his ascent to climb a tree. The expert testimony on behalf of the plaintiff was sufficient to warrant a jury in finding negligence on the part of Griffith and breach of the implied warranties on the part of Giant. On the other hand, there was expert testimony on behalf of the defendants which warranted the jury in arriving at a different result. In addition there was further evidence that the ladder had been used improperly by the plaintiff, that the plaintiff fell from the tree and not from the ladder, and that it had previously been used by the plaintiff without mishap. The jury returned verdicts for the defendants. The sole issue relates to the correctness of the trial judge's ruling in permitting two hypothetical questions to be put to the defendants' expert. The plaintiff argues that the judge erred in permitting the questions and the answers because some of the facts assumed by the expert were not in evidence. Specifically, the plaintiff contends two factors were improperly included in the questions: (1) that a 265 pound man was at the center of the ladder at the time of the accident, and (2) that the ladder met the American Safety Association Standards and Underwriters' Laboratories Standards for horizontal bending. Assuming arguendo the accuracy of the plaintiff's contention, nothing in this record indicates that the admission of this expert testimony "injuriously affected the substantial rights" of the plaintiff. G. L. c. 231, § 132. *Clapp* v. *American Express Co.* 234 Mass. 174. *Koch* v. *Lynch*, 247 Mass. 459. *Flynn* v. *Growers Outlet, Inc.* 307 Mass. 373. *Davidson* v. *Massachusetts Cas. Ins. Co.* 325 Mass. 115. *Lembo* v. *Framingham*, 330 Mass. 461. *Jensen* v. *McEldowney*, 341 Mass. 485.

*Exceptions overruled.*

*Robert P. Sullivan* for the plaintiff.
*William E. Howell* for Giant Store, Inc.
*James F. Fleming* for Griffith Ladder Manufacturing Co., Inc.

---

[1] Griffith Ladder Mfg. Co., Inc.