HYMAN COHEN *vs.* BOSTON REDEVELOPMENT AUTHORITY. February 28, 1977. The plaintiff Cohen argues two issues on appeal from a judgment entered on a jury verdict awarding him $25,000 in a land

taking by the defendant Boston Redevelopment Authority (BRA). 1. He claims prejudicial error in a tactic employed by counsel for the BRA to impeach the credibility of a witness for the plaintiff on cross-examination by referring to an appraisal figure contained in counsel's notes allegedly given by the witness at a prior hearing before an auditor which was for a lesser sum than that testified to by the witness on direct examination at trial. See *Robinson* v. *Old Colony Ry.* 189 Mass. 594, 596 (1905); Leach & Liacos, Massachusetts Evidence 114 (4th ed. 1967). From our review of the transcript we are satisfied that the question ultimately allowed by the judge, whether the witness had testified to the lesser figure at the auditor's hearing, was a proper one and showed no abuse of discretion. The scope of inquiry into matters testing the accuracy, veracity and credibility of the witness rests largely in the sound discretion of the judge. *Posner* v. *Minsky,* 353 Mass. 656, 661 (1968). Moreover, the witness' equivocal responses to counsel's questions with respect to his earlier testimony were in any event harmless. Mass.R.Civ.P. 61, 365 Mass. 829 (1974). *Woodland Estates, Inc.* v. *Building Inspector of Methuen,* 4 Mass. App. Ct. 757, 763 (1976). See *Brewster* v. *Giant Store, Inc.* 362 Mass. 859 (1972); *Carey* v. *Zayre of Beverly Inc.* 367 Mass. 125, 135 (1975). See also *United States* v. *Socony-Vacuum Oil Co.* 310 U. S. 150, 235 (1940). 2. There was no manifest error in permitting the BRA to introduce the sale price of a nearby property sold about a year earlier and claimed by the BRA to be comparable to the locus. "No two pieces of property are exactly alike and much must be left to the discretion of the presiding judge, who, in the first instance, is to determine whether there is such general similarity between the land sold and the land taken that the selling price of the former will furnish a fair criterion of the market value of the latter." *Iris* v. *Hingham,* 303 Mass. 401, 408-409 (1939). See *H. E. Fletcher Co.* v. *Commonwealth,* 350 Mass. 316, 324-325 (1966); *Zambarano* v. *Massachusetts Turnpike Authy.* 350 Mass. 485, 487 (1966). Cf. *Amory* v. *Commonwealth,* 321 Mass. 240, 255 (1947); *Congregation of the Mission of St. Vincent de Paul* v. *Commonwealth,* 336 Mass. 357, 359 (1957); *Corliss Realty Co. Inc.* v. *Commonwealth,* 1 Mass. App. Ct. 689, 690-691 (1974).

*Judgment affirmed.*

*Kevin P. Curry* (*Gerald J. Zyfers* with him) for the plaintiff.
*Ralph Gordon* for the defendant.