DEBORAH N. CALDWELL vs. A-1 SALES, INC.

Norfolk. December 10, 1981. — April 9, 1982.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Employment Security*, Judicial review.

In an action for judicial review of a decision of the board of review in the
    Division of Employment Security, with respect to which the employer
    had deliberately chosen not to file an answer until after hearing in the
    District Court, the judge had no power to enlarge the time allowed by
    G. L. c. 151A, § 42, for filing of the employer's answer, and conse-
    quently the employer had no right of appeal to this court. [754-756]

CIVIL ACTION commenced in the East Norfolk Division of
the District Court Department on May 8, 1980.

The case was heard by *Shubow*, J.

*Paul B. Sibley* (*Howard J. Alperin* with him) for the de-
fendant.

*Monica Halas Allison* (*Lucy Williams* with her) for the
plaintiff.

O'CONNOR, J. The plaintiff was denied benefits by the
board of review of the Division of Employment Security
(board), and on May 8, 1980, she petitioned the District
Court for review. The Director of the Division of Employ-
ment Security (director) and the present defendant, A-1
Sales, Inc. (A-1), were named as defendants. The director
filed a timely answer. A-1 did not file an appearance or an
answer. A-1 does not claim inadequate notice of Caldwell's
petition. At a November 19, 1980, hearing in the District
Court, the judge asked A-1's counsel if he intended to file an
answer and counsel responded that he would like to file an
appearance but that he did not intend to file an answer. The
judge permitted counsel to file an appearance as "amicus
curiae," giving counsel "a less than formal role in the case."

The judge reversed the board's decision on April 14, 1981, and remanded the case for a determination of benefits. The director did not appeal. A-1 filed a notice of appeal on May 12, 1981, and on May 26, 1981, the plaintiff filed a motion "for denial of appeal" on the ground that A-1 lacked standing to appeal because of its earlier failure to file an answer. On June 2, 1981, A-1 moved to file a late answer. The judge allowed A-1's motion on July 21, 1981, without hearing, and denied the plaintiff's motion. The judge's report states that the plaintiff "has reserved the right to present on appeal" the issue of the correctness of the judge's rulings on these motions. We do not decide the substantive issues raised by A-1's appeal because we hold that the appeal is not properly before us.

General Laws c. 151A, § 42, as amended through St. 1978, c. 478, § 79, provides that a person aggrieved by a decision of the board may obtain judicial review by filing a petition therefor in "the district court . . . and in such proceeding every other party to the proceeding before the board shall be made a party respondent. . . . Each respondent shall file an answer within twenty-eight days after receipt of the petition." Section 42 further provides that "[e]xcept as otherwise provided in this section, such a proceeding shall be governed by the Rules of Civil Procedure for the district courts and the municipal court of the City of Boston. . . . An appeal may be taken from the decision of the single justice of the district court directly to the supreme judicial court."

The rules of civil procedure for the District Courts and the Municipal Court of the city of Boston do not govern the time for filing an answer in employment security cases because c. 151A, § 42, provides otherwise. The statute alone establishes the time period for filing an answer, and it contains no provision authorizing a judge to extend this period for over thirteen months. Even if the statute were interpreted to make the time for answering subject to the aforementioned rules, there is nothing in the rules authorizing an enlargement of the time required by a statute for

filing an answer. By its terms, Dist. Mun. Cts. R. Civ. P. 6 (b) (1975) only authorizes a judge to enlarge the time for performing acts required or allowed to be done by those rules, or by a notice given thereunder, or by order or rule of court. The judge, therefore, improperly allowed the late filing of A-1's answer, and the question here is whether, not having properly filed an answer, A-1 is entitled to review of the judge's reversal of the board's decision.

In *Bowmar Instrument Corp.* v. *Director of the Div. of Employment Security*, 346 Mass. 53 (1963), an employer petitioned a District Court for review of a decision of the board of review of the Division of Employment Security. Although properly served with an order of notice and a copy of the petition, ninety-six employees failed to file an appearance or an answer. Rule 1 of the Rules of the District Courts (1952),[1] governing appeals to this court in such proceedings, required the petitioner to deliver or mail copies of his draft report to "adverse parties." This court held that by their failure to appear or answer in the District Court, the ninety-six employees were not "adverse parties" within the purview of the rule. We reasoned that "[h]ad the decision of the court been adverse to them they would have had no standing to appeal to this court. It is difficult to see how any useful purpose would be served by requiring the appealing party to furnish them with a draft report with respect to an appeal in which they had no standing." *Id.* at 55-56. A-1, not having answered in the District Court, has no right to appeal to this court. This is consistent with our rule that an issue not fairly raised before the trial judge will not be considered for the first time on appeal. E.g., *Paro* v. *Longwood Hosp.*, 373 Mass. 645, 652 n.9 (1977).[2]

---

[1] See now Dist. Mun. Cts. R. Civ. P. 140 (2) (1975).

[2] Our holding is supported by *Save the Bay, Inc.* v. *Department of Pub. Utils.*, 366 Mass. 667 (1975), in which we considered the standing of parties to appeal directly to this court pursuant to G. L. c. 25, § 5, from a decision of the Department of Public Utilities. We said in that case that "[o]nly where the parties have demonstrated the required participation in the administrative proceeding and have presented an orderly record before the agency have they properly preserved their appellate rights." *Id.* at 672.

A-1 is not helped by *Schulte* v. *Director of the Div. of Employment Security*, 369 Mass. 74 (1975), or *Markelson* v. *Director of the Div. of Employment Security*, 383 Mass. 516 (1981), in which we held that nonprejudicial procedural slips by parties to judicial review that do not interfere with the accomplishment of the purposes implicit in the statutory scheme are not grounds for dismissing a petition in a District Court. In those cases we dealt with innocuous mistakes. Here, however, the question is whether one who deliberately chooses not to file an answer in the District Court as required by G. L. c. 151A, § 42, has a right to review of the District Court's judgment. We hold that he does not, and that the judge's allowing A-1's counsel to appear below as a friend of the court does not confer upon A-1 a right of appeal to this court. *Martin* v. *Tapley*, 119 Mass. 116, 120 (1875).

*Appeal dismissed.*