Shubow, J.
This report seeks review of the denial of a motion to charge the trustee which had answered that it held funds ($9,000) belonging to the defendant debtor.
*65 The plaintiff, a law firm, sued to recover $2,649.92 for legal services rendered to the defendant. On the same day the action was commenced, the plaintiff moved, ex parte, and with supporting affidavit, for approval of an attachment by trustee process. Attachment was approved in the sum of three thousand dollars ($3,000). After default by the defendant, the plaintiff sought to charge the trustee upon its answer in the amount of the attachment. The trustee (and the defendant)[2] appeared to oppose the motion on the ground that the funds were the proceeds of a lump sum settlement (see G.L.c. 152, §48) under the worker’s compensation law and as such exempt from attachment by the provisions of G.L.c. 152, §47.[3]
The principal contention of the plaintiff is that the statute prohibits attachment of “payments” and does not prohibit the attachment of lump sum “settlements.” The plaintiff further asserts that a “settlement” is not a “payment.”
It would be a sufficient response to quote the classic words of Holmes, J.: “A word is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used.” Towne v. Eisner, 245 U.S. 418, 425 (1917).
The title of a recent amendment to the section of the statute dealing with redemption of liability by an agreement in the form of a lump sum was captioned “An Act relative to lump sum payments under the workmen’s compensation law” (emphasis supplied). The body of Section 48 as originally enacted uses the word “payment.” The amendment adding a paragraph uses the phrase “a lump sum agreement or payment.” In Mulcahy v. Travelers Insurance Company, 42 Mass. App. Dec. 141 (1968), the court was considering the exception in Section 47 permitting assignment of a payment to a veteran’s agent and in approving such an assignment made no distinction between weekly payments of compensation and the payment due under a lump sum settlement. It appears to us that the words “payment,” “agreement,” or “settlement” all refer in the circumstances here to the same underlying reality.
We note, in passing, that the statute governing trustee process does not expressly exempt the proceeds of lump sum settlements from the reach of such proceedings. But the exceptions referred to in the' body of the trustee process statute do not exhaust the subject. The general rule is that if property may not be seized upon execution it is not subject to attachment, and, accordingly, trustee process is not available. Jordan v. Lavin, 319 Mass. 362, 366, 367 (1946). See the discussion of property exempt from attachment in PERLIN AND CONNORS, HANDBOOK OF CIVIL PROCEDURE IN THE MASS. DIST. COURTS (1980), pp. 38-39, 51-53.
The trustee process statute itself and the rules in aid of that statute restrict attachment of wages on claims not reduced to judgment and, after judgment, subject them to strict limitations, including those imposed by federal law. See *66 G.L.c. 246, § 28; Dist./Mun. Cts. R. Civ. P. Rule 4.2; 15 U.S.C.A. § 1673. See PERLIN AND CONNORS, supra, 1983 Supplement, p. 16.
G.L.c. 152, §47 evinces a strong public policy against allowing attachment or alienation by assignment of benefits payable under the Workmen’s Compensation Act,- save in those instances specifically enumerated in the statute. See Miller v. London, 294 Mass. 300, 304 (1936). Nor is there any inconsistent policy to be found in the trustee process statute.
Additional support for this position in this case rests on the fact that there are alternative methods for protecting the claims of lawyers for payment for their services in industrial accident cases. Generally speaking, lawyers do not enjoy a íien (G.L.c. 221, §50) on sums due to their clients from compensation insurers. See 101 C.J.S. § 822. But see LOCKE, WORKMEN’S COMPENSATION, § 634 p. 770. The fees of attorneys are supervised by the Division of Industrial Accidents, G.L.c. 152, § 13. See LOCKE, supra, p. 768. The claim of the plaintiffs, if, as the report suggests, approved by the Division, is summarily enforceable in the Superior Court pursuant to G.L.c. 152, §11. See Ramalhete v. Uni-Royal, Inc., 4 Mass. App. Ct. 597 (1976).
Finally, the plaintiff also argues the trustee may not now be heard to complain that it is not chargeable upon its answer of funds by reasons of its inaction in connection with the original attachment. The point was long ago answered to the contrary. Staniels v. Raymond, Trustee, 58 Mass. (4 Cushing) 314, 317 (1849).
In the absence of error, the report is dismissed.

Given the default earlier entered, the standing of the defendant to appear at the midnight hour is questionable. See Caldwell v. A-1 Sales, Inc., 385 Mass. 753, 755 (1982). However, in view of the outcome of this case, the issue has no practical significance.

The statute provides in pertinent part as follows: “No payment shall be assignable or subject to attachment to be liable in any way for debts, except to a veteran’s agent or the commissioner of veterans’ services as and to the extent permitted by section five of chapter one hundred and fifteen and exceptas permitted to the department of public welfare under chapters eighteen, one hundred and seventeen, one hundred and eighteen, and one hundred and eighteen E, and except to an obligee of support payments who is entitled to receive such payments pursuant to a support order under chapter two hundred and eight, two hundred and nine, or two hundred and seventy-three.”